R. E. WATTS ET AL. v. J. C. OVERSTREET.

Nos. 6659, 6660.

**Certificate of District Court to Transcript on Appeal.**—Appellants filed a transcript certified that it "contains a true copy of all the proceedings as per list furnished by the attorney for the defendant." The appellee, who was plaintiff below, filed a transcript certified that "it contains a true copy of all the proceedings in the case." The two transcripts were filed as separate cases. A motion of appellee to strike out the transcript filed by the appellants was sustained and costs taxed against them.

APPEAL from Shackelford. Tried below before Hon. T. B. Wheeler. Motion to strike out transcript. The facts are given in the opinion.

*L. W. Campbell* and *J. M. Moore*, for motion.

Nos. 6659, 6660.

**1. Final Judgment upon Dismissal.**—In a sequestration suit three parties were alleged as claiming the property sequestered and seized for the purpose of foreclosure against their vendor. Upon trial the plaintiff dismissed as to two of them. In the judgment it was declared that as to them the plaintiff take nothing, and that they re-

cover costs.   On appeal this was affirmed, but the case was reversed and remanded as to the third of said parties.   *Held*, the judgment of dismissal, and that plaintiff take nothing against them, must be construed to determine the suit as to them.   Until brought again into the suit the court had no power to render judgment of any kind against them. A judgment could not be rendered against them as principals on the joint replevy bond.

2.   Sequestration—**Affidavit.**—An affidavit for sequestration filed with the petition is not invalid because not stating who were the defendants, or who had possession of the property sought to be sequestered, these facts appearing in the petition.

3.   **Motion to Quash Writ of Sequestration.**—Such motion must be determined by the record when the writ was issued.   Facts subsequently developed can not vitiate it.

4.   **Variance—Erasure of Credit on Note.**—The petition setting out a note declared on is supported by the production of such note, although an erased credit is upon it.   Where a copy of the note with such endorsed credit with erasure is attached to the petition, such copy would cure the misdescription if it were such.

5.   **Value of Sequestered Property.** — The value of sequestered property condemned to sale is the value at time of trial.   The amount is not limited by the affidavit made to procure the writ.

6.   **Practice in Supreme Court.**—See case where the judgment below was reversed and dismissed as to two defendants and affirmed as to another.  ·

Appeal from Shackelford.   Tried below before Hon. T. B. Wheeler. A sufficient statement is given in the opinion.

*Goldthwaite & Ewing*, for appellants Root and Price.—By the voluntary abandonment of record by the plaintiff of all right to recover against Root and Price, and the final judgment in their favor, they were discharged from all liability in this cause on the replevin bond or otherwise.   Rev. Stats., arts. 4498–4504; Waples on Att., 401; Harris v. Taylor, 3 Sneed, 541; Andre v. Fitzhugh, 18 Mich., 93; Warner v. Cameron, 7 West. Rep., 457; Kelly v. Gordon, 3 Head, 683; Freem. on Judg., sec. 154.

*A. A. Clarke*, for Manning, plaintiff in error.— 1.   The writ of sequestration is for the purpose of seizing the property when the same is in possession of some one adverse to plaintiff, and holding the same as a judicial deposit until the court determines the rights of the parties, and the affidavit for the writ should show that the possession of the property is not in plaintiff, but in some one adverse to plaintiff.   Rev. Stats., art. 4489, subdiv. 3, *et seq.*

2.   Where several persons are sued and a writ of sequestration is issued under the third subdivision of article 4489 of the Revised Statutes, upon the ground that plaintiff fears defendants will remove the property out of the county pending the suit, the writ should set out the names of the defendants, and should show that one or more of the defendants are in possession, and give the names of the defendant or defendants who plaintiff fears will remove the property out of the county.   Rohrbough v. Leopold, 68 Texas, 254.

3.   The writ of sequestration and the petition and affidavit must cor-

respond as to the amount and character of the debt for which plaintiff
sues.    Porter v. Miller, 7 Texas, 468; Woessner v. Fly, 63 Texas, 198;
Rohrbough v. Leopold, 68 Texas, 254.

4.   Where A holds a note against B, which is secured by a mortgage
upon B's interest in personal property, held in common by B, C, and D,
then C and D are as much entitled to the possession as B, and seques-
tration will not lie at the suit of A against B to recover possession of the
whole of the property; and if A makes C and D parties defendant, know-
ing that they have title to a part of the property, and sequestrates the
whole property, such conduct on the part of A is a fraudulent use of the
process of the court.    Rev. Stats., arts. 4489, 2295; Rayson v. Reid, 55
Texas, 266; Osborn v. Koenigheim, 57 Texas, 91; Gammage v. Silliman,
2 Ct. App. C. C., 14; Durham v. Flannigan, 2 Ct. App. C. C., 24; High
on Inj., secs. 323, 443, 444, 445, 446; Erwin v. Blanks, 60 Texas, 583.

5.   Where plaintiff sues for the title or possession of personal property,
or to foreclose a lien thereon, and sues out a writ of sequestration, and
the property is replevied by defendant, plaintiff is estopped from recov-
ering against the obligors in the replevin bond a larger sum than the value
of the property as alleged in the petition and in the affidavit for seques-
tration.    1 Greenl. Ev., sec. 27, *et seq.;* Scoby v. Sweatt, 28 Texas, 730;
Ins. Co. v. Ende, 65 Texas, 118.

6.   The allegation and the proof must correspond, and if there is a
credit on the note which is not mentioned in the petition the variance is
fatal.    The variance is not cured by attaching a copy of the note to a
paper which is no longer a part of the pleadings in the case.    Henry v.
Fay, 2 Ct. App. C. C., 834; Hunt v. Wright, 13 Texas, 549; Shipman
v. Fulcrod, 42 Texas, 248; 1 Greenl. Ev., 58.

*L. W. Campbell* and *J. M. Moore,* for appellee.— 1.   Defendants Root
and Price were parties defendant to the suit when such judgment was
rendered against them.    It by no means follows that because they have
gained one-half of the subject matter of the suit for which they are sued
jointly and defend jointly that they are no longer parties defendant.   Rev.
Stats., art. 4501; Mills v. Hackett, 65 Texas, 580; Cheatham v. Riddle,
8 Texas. 162; Jones on Chat. Mort., sec. 783; Templeman v. Gresham, 61
Texas, 50.

2.   A discontinuance of the suit against them would not release them
from responsibility as signers on the bond, and it is doubtful whether the
court would have the power to release them.    Mills v. Hackett, 65 Texas,
580; Cosker v. Harrison, 76 Va., 85.

3.   There can be but one final judgment, and a reversal of a judgment
and remanding the cause for new trial as to one of several defendants op-
erates as a new trial as to all.    Rev. Stats., art. 1337; Wootters v. Kauf-
man, 67 Texas, 488, and cases cited.

4.　But if the judgment of the former trial was not reversed by this court, but was affirmed as to Root and Price and is now in full force and effect, that can be no reason for reversing the judgment rendered at the last trial; for they are decisions of two separate and distinct questions in perfect harmony with each other, both standing without a conflict and each deciding an independent issue growing out of the case, and the two making but one judgment.　Rev. Stats., arts. 4501, 4502; Mills v. Hackett, 65 Texas, 580.

5.　If the release from the bond is based on the act of plaintiff at the former trial, an act to constitute a bar must amount to an estoppel, and estoppels to be binding must be mutual; and we submit that the record shows no such state of facts as amounts to an estoppel, and such an act independent of the judgment at most amounts to nothing more than an admission, but does not conclude.　Whart. Ev., sec. 1119; Teal v. Sevier, 26 Texas, 516; Carroll v. Carroll, 20 Texas, 731.

6.　Where plaintiff has recovered in the action and there is no error in the final judgment on the merits, and where the sureties have not appealed, the refusal of the court below to quash a writ of sequestration will not be revised, although the defendant may have replevied the property.　Cheatham v. Riddle, 8 Texas, 165; Trammell v. Trammell, 20 Texas, 407.

7.　The principal on a replevin bond who is one of the defendants in the case is liable for the value of the property, and it would not be error to render judgment against such principal for an amount even beyond the amount of the bond.　Hendrick v. Cannon, 5 Texas, 248; Martin v. Sykes, 25 Texas Supp., 187; Biggs v. D'Aguire, 13 La. Ann., 21.

8.　This is not a suit to recover property or its value, but it is a suit on a money demand praying for a foreclosure of a lien on certain property, and the allegation in the petition of the value of the sheep is a matter of form and not controlling.　Rev. Stats., arts. 4498, 4499; Baily v. Ellis, 21 Ark., 488; Hawkins v. Johnson, 3 Blackf., 46; Linn v. Wright, 18 Texas, 341; Lewis v. Taylor, 17 Texas, 57; Ratcliff v. Hicks, 23 Texas, 174; Coghill v. Boring, 15 Cal., 215; Biggs v. D'Aguire, 13 La. Ann., 21.

9.　The variance complained of consists in the fact that there were two credits endorsed on the back of one of the notes, but which were not pleaded by plaintiff; but the bill of exceptions shows that these credits had been erased, and further that certified copies of the notes sued on were attached to plaintiff's pleading, and those copies show the endorsement of the payments and their erasure letter for letter with the notes sued on.　Longley v. Caruthers, 64 Texas, 287; May v. Pollard, 28 Texas, 677.

10.　The statute provides in cases of sequestration for the enforcement of a mortgage or lien upon property, and should the defendant replevy it he shall not be required to account for the fruits, hire, revenue, or rent of the same (Revised Statutes, article 4507); but by article 4499, Revised Statutes, he is required in such cases to "pay the value thereof;" and article

4501, Revised Statutes, provides for a judgment against all the obligors on the bond, jointly and severally, for "the value of the property replevied," and we submit that this term, "the value of property," has a well defined legal significance and can mean nothing less than the fair market price of the property, with legal interest thereon from the date of the taking. Hudson v. Wilkinson, 61 Texas, 607; Templeman v. Gresham, 61 Texas, 50; Jones on Chat. Mort., 490; 1 Ct. App. C. C., 950, 1127; Weaver v. Ashcroft, 50 Texas, 428.

COLLARD, JUDGE.—This is the second time this cause has been before the Supreme Court. The suit was originally brought by J. C. Overstreet on three promissory notes for $1000 each and 12 per cent interest per annum; she made A. P. Root, George L. Price, and E. R. Manning parties defendant; sequestered 2000 head of sheep in possession of defendants, upon which she set up a lien. Before the first trial, or during its progress, she took a nonsuit as to defendants Root and Price. The jury gave verdict for defendant Manning, and judgment was rendered for all the defendants, from which plaintiff appealed. The Supreme Court reversed the judgment, stating in a note to the opinion that "the reversal of the judgment below only applies to that portion of it which is in favor of appellee Manning, and not to that which is in favor of A. P. Root and G. L. Price, the appellant having in the court below abandoned all right to recover against them." The opinion and statement of the case will be found in 67 Texas Reports, pages 660 to 664, inclusive. It was there decided that plaintiff's lien was superior to Manning's right by purchase, for obvious reasons.

Upon the second trial, from which this appeal is taken, judgment was again taken against Watts for the amount of the notes, $4620, and foreclosure of her lien on the Manning half of the sheep, 962 head; also judgment for plaintiff for $3374, the value of the same at $3.50 per head, against Manning, Price, and Root and the sureties on their replevin bond. Price and Root appealed and Manning brought the case up by writ of error.

Appellants and plaintiff in error assign errors separately. We will notice those of appellants first. They say that the court " erred in rendering judgment against them, because they were in no manner parties to the suit at the time of its rendition." The replevy bond was a joint bond as principals by the defendants Manning, Price, and Root, and was in the ordinary form, S. J. Conner, W. J. Manning, and J. C. Lynch, sureties, for $6000.

The dismissal of Price and Root on the former trial appears of record in the judgment as follows: "And thereupon the counsel for the plaintiff announced in open court, after the evidence had been closed and during the argument of counsel to the jury, that they would not prosecute this suit further against the defendants A. P. Root and George L. Price, and that

the plaintiff herein had and set up no claim or lien by or upon the one-half interest of said Root and Price in the flock of sheep sequestered in this cause by the plaintiff, and that she abandons all claim or lien on the same by virtue of the sequestration levied on the said sheep."

The jury returned a verdict "for the defendant," and judgment was rendered "that plaintiff herein, J. C. Overstreet, do have and recover of and from defendants E. R. Manning, A. P. Root, and Geo. L. Price nothing by reason of the premises, and that Root and Price do have and recover of and from the plaintiff herein, on her sequestration bond, all their costs expended and incurred by said Root and Price by reason of the sequestration herein issued against them and levied on their one-half interest in the sheep."

It is contended by appelleee that the *nolle prosequi* was only intended to have effect to dismiss the suit against Root and Price as defendants claiming one undivided half of the sheep, and that the dismissal only had that effect, and that it did not affect their liability as joint obligors with Manning on the replevin bond for his claim to the other half.

The judgment is in no way qualified, and no reservation is made therein, and we think it put Root and Price out of court in every capacity in which a judgment could have been rendered against them.

At the time of the dismissal it was evidently supposed by the plaintiff that these parties were only bound for the value of one-half of the sheep, the half claimed by them as defendants, and so there was an absolute, unconditional judgment rendered in their favor and for their costs, which, on appeal by plaintiff, was affirmed by the Supreme Court. They were never brought back into the suit by any pleading or process, and were in fact not before the court when the last judgment was rendered. Had they been merely sureties on the replevin bond they could have been dismissed as such defendants, or the suit would have abated as against them upon their death. We are not called on to decide the extent of their liability on the bond or to say what effect the dismissal had upon the liability of the sureties who have not appealed. The judgment of dismissal and that plaintiff take nothing or recover nothing against them must be construed to determine the suit as to them. They not being in court after this, the court had no power to render the last judgment against them.

No other assignment of error of appellants Root and Price need be considered. We will next notice the assignments of plaintiff in error Manning.

He first complains that the court erred in overruling his motion to quash the writ of sequestration, because the affidavit fails to show who were the defendants in the case, who were in possession of the sheep, or that defendants were in possession.

The petition and affidavit were filed the same day; the petition stated who the defendants were, and that they were in possession of the sheep.

The affidavit was numbered and styled as the petition was, and was a filed paper in the suit.

We think as the sequestration was an ancillary proceeding to the main suit, it was not necessary to state in the affidavit who the defendants were, or that they were in possession, as the petition showed both facts. In this respect the affidavit is to be construed in the light of the petition. The statute nowhere declares that the affidavit shall state the names of the defendants, or that they are in possession. The statutory ground relied on in the affidavit for the writ was the third subdivision of article 4489 of the Revised Statutes, that sequestration will issue "when a person sues for foreclosure of a mortgage or the enforcement of a lien upon personal property of any description and makes oath that he fears the defendant or person in possession thereof will remove the same out of the county during the pendency of the suit." The affidavit in this case stated that "she fears the defendants will," etc. This was a compliance with the law.

Plaintiff in error also complains that there was a fatal variance in the petition and affidavit and the writ, in that the petition and affidavit describe the debt as $3240 and the writ describes a debt of $3000. It was not necessary that the writ should state the amount of the debt, and such statement was mere surplusage and did not affect it at all. Had the variance been a misdescription of the property to be seized it would have been fatal. Rev. Stats., art. 4494; Woessner v. Fly, 63 Texas, 198. The writ is required to command the officer charged with its execution to take into his possession the property described in the affidavit—not as in case of an attachment, to seize property of the defendant sufficient to satisfy the debt.

It is also insisted that the court should have quashed the writ because it was made to appear to the court by solemn admissions of record, and by the uncontradicted testimony of J. C. Overstreet on the first trial, that at the time she filed her petition and sued out the writ she well knew that A. P. Root and George L. Price were the joint owners with E. R. Manning of said flock of sheep, and were entitled to the possession of the same.

This assignment and the next one, which is similar to it, can not be sustained. On motion to quash, the proceedings in sequestration are tested by their legal sufficiency apparent in the proceedings themselves, and not on facts that may exist outside of the proceedings. Such facts can only be heard by plea.

Plaintiff in error also complains that there was a variance in the notes as described in the petition and as offered in evidence, the first note offered in evidence having a credit upon it of $175 which was not noticed in the petition, the credit having been erased by drawing pencil lines through it.

If the variance consisted in the credit endorsed on the note and it had been erased, there was no variance. Besides this, copies of the notes, as

stated in the bill of exceptions, were attached to plaintiff's supplemental petition, showing the erasure of the credit, which would cure the misdescription in the original petition, if there was any.

There was evidence admitted on the trial showing that the sheep were worth more than the value as alleged by plaintiff in her petition and affidavit at the time they were replevied, and the judgment was for the value of the sheep at $3.50 per head, when the maximum value as alleged in the petition was $1.50 per head.

Error is assigned that plaintiff can not prove the value to be more or recover more than the value as alleged, and that she is estopped from such recovery. The rights of plaintiff on the defendant's replevy bond do not depend on the pleadings. The value of the property for which defendant and the sureties on his replevy bond may be liable is not the value at the time the petition or affidavit is filed, but at the time of the trial. In satisfaction of the judgment on the bond the property can be returned, and if only a part of it be returned then there shall be a credit on the judgment *pro tanto*. The verdict of the jury will determine this value. Rev. Stats., art. 4502; Cook & McElvy v. Halsell, 65 Texas, 1. If the property should enhance in value after the suit and affidavit were filed, it would not be just to allow plaintiff only the value at that time. Since the return of the property will discharge the judgment, and its value can be substituted for the property, it must be estimated at the trial. We see then that there is no need of pleading on the part of plaintiff to fix the value as a predicate for the judgment. The affidavit for the writ must state the value of each article (Revised Statutes, article 4490, clause 3), but this is not required as the limit of recovery in case of replevy by defendant, but as a predicate for the amount of plaintiff's bond for the writ.

If the affidavit should underestimate the value and the bond should be too small, the remedy of defendants would be by plea. Estoppel does not apply.

We conclude that the judgment of the court below against appellants Price and Root should be reversed and remanded, that the cause against them be dismissed, and that they recover of appellee their costs and the costs of this appeal, except the costs adjudged against them on the motion to strike out the transcript filed by them and Manning; and we further conclude that the judgment of the court below against E. R. Manning should be affirmed.

*Affirmed as to Manning.*
*Reversed as to Price and Root.*

Adopted October 28, 1890.