JACOB ENDEL v. CHARLES NORRIS.

Delivered January 14, 1897.

**1.  Justice Court—Jurisdiction—Sequestration.**

In an action in a Justice Court, where property sequestered does not in fact exceed $200 in value, the court has jurisdiction, though the affidavit for the writ of sequestration places the value above $200.

**2.  Conversion of Mortgaged Property—Measure of Damages.**

In an action for the conversion of mortgaged property by its application to the payment of the mortgage, the measure of damages is the value of the property at the date of conversion, with interest, less the debt to which it was applied; except that particular property may be of such a nature that the value of its use is allowed in lieu of interest.

APPEAL from the County Court of Rusk. Tried below before Hon. S. J. HENDRICK.

*N. B. Morris* and *J. R. Arnold,* for appellant.

*J. H. Turner,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant brought suit against appellee before a Justice of the Peace to recover a debt less than $200, and to foreclose a mortgage on a mule and a crop of ungathered corn and cotton. He sued out a writ of sequestration, stating in his affidavit therefor the estimated value of the property, aggregating $225. The value of the property covered by the mortgage was not otherwise stated in bringing the suit. The property was seized under the process, and, by subsequent proceedings, judgment was rendered by default in favor of appellant for his debt and foreclosing the mortgage, and the property seized was appropriated to pay the debt.

Appellee instituted this suit to recover damages for the wrongful and malicious suing out of the sequestration, claiming that the writ was

void, and that the ground upon which it was issued did not exist, and recovered a judgment below, from which this appeal is taken.

The court below instructed the jury that the writ of sequestration was void, and appellant therefore liable for actual damages. We think this was error. There was evidence from which the jury could have found that the property covered by the mortgage was not worth more than $200 when the suit was instituted, and, if it was not, the Justice of the Peace had jurisdiction to issue the writ, and it was valid unless the statement of value in the affidavit, amounting to more than $200, rendered it void.

The affidavit for the writ was not the foundation of the action. The citation is the leading process in suits in justice's courts. The writ was merely auxiliary to the main cause. The suit could have been brought without sequestration, or prosecuted though the writ was quashed. It follows that, if in fact the property did not exceed $200 in value, the court had jurisdiction regardless of the sequestration. The statement of value in the affidavit is required by statute for the purposes of the proceeding, but not, in our opinion, to determine the jurisdiction of the court. It does not estop plaintiff from showing at the trial the real value of the property. Watts v. Overstreet, 78 Texas, 578; Gillies v. Wofford, 26 Texas, 76.

If, therefore, the court had jurisdiction of the cause of action, it had power to issue the writ when the statutory requirements were complied with, and, upon the trial, if the property were found to be within the jurisdiction of the court, the statement to the contrary in the affidavit would not defeat it.

The court should have submitted to the jury the question whether or not the value of the property, as it stood when the suit was instituted, exceeded $200, and instructed that if it did not the writ was to be treated in this case as valid. Whether or not the ground relied on to defeat the writ would have required the court, in the former suit, to quash it on motion is a different question. It follows that upon another trial the plaintiff must succeed, if at all, by showing that the sequestration was wrongfully sued out; that is, that the ground alleged for it did not exist.

The plaintiff was allowed to testify to the value "to him" of the property seized under the writ, and stated that it was worth as much to him in the field as if it were gathered, because he had the force to gather it. The court instructed the jury to allow him the value of the property to him, and to make no deduction for gathering and marketing.

The evidence showed that plaintiff and his force were employed by the officer, and paid the regular price to gather the crops. The court also instructed the jury to allow plaintiff the value of the mule, with interest from the date of seizure, and also the value of its use until the trial.

There was error in each of these rulings. The true measure of actual damages was the value of the property as it was when the suit was

brought, with interest at the legal rate until the trial, less the debt to which it was applied. The value to plaintiff of the property, if different from its value generally, is not the test. It is evident that the crops were worth less standing in the field than when gathered and ready for market, and plaintiff could not recover for the value of labor which he did not perform. In this case, however, it appears that he was hired to gather the crops and paid the full value of his work.

Where an owner of property converted by another sues and recovers its value, with interest, he cannot also recover for its use. It is different where he recovers the property itself. The value of a mule arises from its usefulness. If the value is paid, with interest, this includes compensation for loss of its use. In a case like this, for how long a time could the plaintiff claim compensation for the use of the animal? If for any time, why not during the whole of the animal's probable life; and, if the recovery should go to such an extent, is it not evident that the full value would be included in the sum recovered for the use. The truth is that, when value with interest is allowed, the plaintiff's whole loss is compensated so far as the rules defining actual damages give compensation. This, we think, is well settled, but there are some decisions of the Court of Appeals which seem to allow recovery for use of property converted, in addition to value, where there are circumstances of aggravation. But the true principle applicable to that class of cases is the one which permits the jury to award punitory damages, not fixed by any exact measure, but such as the circumstances justify. Mayer v. Duke, 72 Texas, 453.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

The motion for rehearing is overruled, but we think it proper to alter the opinion heretofore given in that portion which holds that the value of the use of the mule cannot be recovered. Ordinarily, the measure of damages for property converted is its value at date of conversion, with interest. This has been so often stated that no citation of authority is needed. Particular property may, however, be of such a nature, and it may be taken under such circumstances, that special damage beyond that above indicated should be given to compensate for the loss actually occasioned. And sometimes the value of the use of which the party has been deprived, is allowed, instead of interest, in addition to the value of the property. Pridgin v. Strickland, 8 Texas, 427; Carter v. Roland, 53 Texas, 548; Craddock v. Goodwin, 54 Texas, 578; Soell v. Hadder, 88 Texas, 158.

These decisions recognize the right of the owner of such property to recover the value of the use of the property up to the time of trial. They seem to us to be illogical and incorrect, so far as they allow recov-

ery, in addition to value of property and interest, beyond the immediate and temporary consequences necessarily resulting from the loss of possession of the property; but we have no disposition to try to unsettle rules laid down in the adjudications of the courts of last resort, and will not enter upon a further discussion of the subject. We think, however, that, if the value of the use of the property up to trial is allowed, interest on the value of the property itself should not be allowed, as one is given in lieu of the other.

The opinion, on other points, is adhered to.

March 4, 1897.                                        *Opinion modified.*