**BURNETT TRAILERS, INC., et al.,**
Appellants,

v.

**S. C. POLSON, Appellee.**

No. 14346.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1965.

Rehearing Denied March 11, 1965.

J. G. Hornberger, Laredo, for appellants.

R. J. Goodman, Laredo, for appellee.

MURRAY, Chief Justice.

This suit was instituted by appellee, S. C. Polson, in the District Court of Zapata County, Texas, against Burnett Trailers, Inc., Clyde E. Thomas and M. E. Burnett, appellants, seeking actual and punitive damages for wrongful sequestration of a Midway Mobile Home. The cause, by agree-

ment, was transferred for trial to the District Court of Webb County. It was heard before the court without the intervention of a jury, and resulted in judgment for appellee against all of the appellants in the sum of $2,220.00, together with interest, as actual damages, and in favor of appellee against appellant Burnett Trailers, Inc., alone, in the sum of $555.00, together with interest, as exemplary damages, from which judgment appellants have prosecuted this appeal.

Appellants' first contention is that the court erred in rendering judgment against them because there is no evidence of wrongful sequestration, and in any event the evidence is insufficient to support such finding, or such finding is so against the great weight and preponderance of the evidence as to be clearly wrong. The judgment was based upon a finding of wrongful sequestration.

On March 9, 1959, appellant Burnett Trailers, Inc., sold to appellee, S. C. Polson, and his wife, Mrs. S. C. Polson, the mobile home here involved for a total consideration of $6,650.00, to which amount was added an insurance premium of $394.30, making a total sum of $7,044.30. Polson was allowed $2,644.30 for a trailer which he traded in, and he gave to seller a note in the principal sum of $2,000.00, secured by a chattel mortgage, representing the down payment. To the balance of $2,400.00 was added $576.00 finance charges, and this deferred balance of $2,976.00 was evidenced by a note in that amount, payable to the First National Bank in Fort Worth in forty-eight monthly installments of $62.00 each beginning on April 19, 1959. The chattel mortgage securing the $2,000.00 note was subject to the chattel mortgage securing the $2,976.00 note, and was endorsed by seller.

There was the usual provision in the chattel mortgage giving the mortgagee the right, under a number of circumstances, to seize the mobile home and sell it at public or private sale, etc., the details of which provision need not here be stated. The mobile home was wrecked on March 10, 1960, and, through no fault of seller's, there was no collision insurance on it, other than a policy having a single interest endorsement.

After this wreck and after appellee was allegedly delinquent in his payments, appellant Burnett Trailers, Inc., filed suit in the 118th District Court of Howard County, Texas, against appellee and sequestered the mobile home. Burnett Trailers, Inc., secured possession of the mobile home by giving a replevy bond, with appellants M. E. Burnett and Clyde E. Thomas as sureties on this bond. After they had secured possession of the mobile home by means of suing out the writ of sequestration and giving the replevy bond, appellants dismissed their suit in the District Court of Howard County without returning the mobile home to appellee.

Thereafter appellee instituted this suit in the District Court of Zapata County, the place where the mobile home had been seized, seeking damages, both actual and exemplary, for wrongful sequestration. There is no real dispute as to the material facts and the question presented is, do these facts show a wrongful sequestration? We conclude that they do.

When appellant Burnett Trailers, Inc., voluntarily dismissed its suit in Howard County such judgment was a final judgment in favor of appellee, and he was entitled to a return of the mobile home or a judgment against all of the obligors on the replevy bond.

The question is not one of whether appellant Burnett Trailers, Inc., might have gone out and seized the mobile home and sold it at private sale, under the powers given it in the chattel mortgage, but is one where appellant elected to go into court to secure a writ of sequestration and

have an officer seize the mobile home by authority of such writ, take possession of it by giving a replevy bond, as is authorized by law, and then dismiss the entire suit without returning the mobile home to its owner, and thus try to defeat the owner's right to have his day in court. The answer is "no." To approve such procedure would be to permit an abuse of process. Appellee had a right to institute this independent action to recover the damages he may have suffered by reason of such wrongful sequestration. Bishop v. General Motors Acceptance Corp., Tex.Civ.App., 229 S.W.2d 848; Wakefield v. Queisser, Tex.Civ.App., 293 S.W. 896; Bruyere Const. Co. v. Bewley, Tex.Civ.App., 229 S.W. 610.

Appellants cite the case of Willis v. Mays, Tex.Civ.App., 177 S.W.2d 1000. We do not regard that case as being in point here, as the facts are entirely different. There was no dismissal of the original suit.

■ Appellants next contend that the court erred in awarding exemplary damages in the sum of $555.00 in favor of appellee against Burnett Trailers, Inc., because there was no evidence to sustain a finding that in bringing the suit and causing the

writ of sequestration to issue it was activated by malice, or that it caused the writ of sequestration to issue without probable cause. We sustain this point. The evidence shows that the mobile home had been greatly damaged in a wreck several months before appellant filed its suit, and had not been repaired. The chattel mortgage had a proviso that mortgagee could take possession "if said mortgagee shall at any time deem said mortgagor, said chattels, said debt or said security unsafe or insecure, * * *." Under such circumstances the record does not show that appellant was activated by malice in bringing the original suit. The sum of $555.00 will be deducted from the total amount of the judgment. O'Hara v. Ferguson Mack Truck Co., Tex.Civ.App., 373 S.W.2d 507.

■ Appellants next contend that the trial court erred in discharging the appellee from any and all indebtedness owed to Burnett Trailers, Inc., and M. E. Burnett, arising out of or connected with the purchase of the mobile home in question. We do not agree. The record shows that the court, in rendering judgment in favor of appellee, arrived at the amount of the judgment in the following manner:

"The Court finds for the plaintiff in the amount of $2,200.00 actual damages and $555.00 exemplary damages.

| | |
|---|---:|
| Purchase price | $6650.00 |
| Less depreciation of time of seizure | 1000.00 |
| | $5650.00 |
| Interest to time of trial | 1320.00 |
| | $6970.00 |
| Amount of debt | 3900.00 |
| | $3070.00 |

| | | |
|---|---:|---:|
| Repairs to trailer | 2250.00 | |
| Paid by Ins. Co. | 1400.00 | |
| Paid by Mr. Burnett | | 850.00 |
| | | $2220.00 |

¼ of $2220.00 as attorney's fees, and grant that as exemplary damages, $550.00."

---

■ This statement shows quite clearly that the court gave appellants credit for all indebtedness owed on the mobile home, amounting to the sum of $3,900.00. Appel-

lants having received credit for this amount should not be permitted to collect it again, and therefore the court very properly declared such indebtedness discharged. Appellants contend that there were no pleadings to sustain this part of the judgment. The record does show that during the trial appellants, on at least four occasions, requested that the amount of the indebtedness be deducted from the value of the mobile home. The court having granted appellants' request they are not now in a position to complain that the court went further than the pleadings and declared, in effect, that appellants could not later again recover for such indebtedness. Rule 67, Texas Rules of Civil Procedure; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Taylor v. Jones, Tex.Civ.App., 244 S.W.2d 371; Endel v. Norris, 15 Tex.Civ. App. 140, 39 S.W. 608.

Appellants next complain that the trial court, upon proper request, did not make a number of findings of fact. The record shows that such requested findings were not ultimate and controlling issues, or were in conflict with findings clearly made by the court or not supported by the evidence, and that appellants were not prejudiced by the court's failure to make such requested findings. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117; Wentz v. Hancock, Tex.Civ.App., 236 S.W.2d 175; Tijerina v. Botello, Tex.Civ.App., 207 S.W. 2d 136; Jinks v. Jinks, Tex.Civ.App., 205 S.W.2d 816.

The recovery of exemplary damages in the sum of $555.00, together with interest thereon, will be stricken from the judgment and that sum deducted from the judgment. As thus reformed the judgment is affirmed. The costs of this appeal are taxed one-half against appellants and one-half against appellee.

Reformed and affirmed.