ERIE TELEGRAPH AND TELEPHONE COMPANY V. JOHN KENNEDY.
No. 3065.

1. **Exemplary Damages.**—Suit by Kennedy against appellant for damages for injury to his property resulting from tearing up his sidewalk and cutting a hole in an awning for the purpose of setting a telephone pole. The pole was placed by consent of the city engineer and the mayor, and without objection by plaintiff or his tenants until after the work was done. There was no evidence tending to show that the company's manager intended to act in any other than a lawful manner. *Held*, that a verdict for forty dollars exemplary damages could not be sustained.

2. **Same.**—The intentional doing of a wrongful act without legal justification or excuse is ordinarily malicious; but although an act may be intentional and result in a wrong, yet exemplary damages should not be awarded when it appears there was no intention to invade any right.

APPEAL from Harris. Tried below before Hon. James Masterson.

This is an appeal from a judgment for $40 actual and $40 exemplary damages, rendered against appellant for placing a telephone pole upon the premises of appellee, cutting an awning and digging up the sidewalk in so doing.

The opinion gives a statement.

*G. W. Tharp*, for appellant. — The verdict of the jury which gave plaintiff (appellee) a verdict for $40 actual damages and $40 exemplary damages was contrary to the law and the evidence, there being no evidence on the trial to support a verdict for exemplary damages. Railway v. Garcia, 70 Texas, 207.

*Frank S. Burke* and *John A. Kirlicks*, for appellee.—Exemplary damages are properly awarded when the injury inflicted is the result of the want on part of defendant in dealing with plaintiff's property of ordinary care, or such care as an ordinarily prudent man would use in the conduct of his own affairs. Redfield's Carriers and Bailees, sec. 455 and note 1; Goddard v. Railway, 57 Me.; 202; Atlantic Co. v. Dunn, 19 Ohio St., 162; De Vaughan v. Heath, 1 Ala. Select C., 523; Railway v. Hurst, 36 Miss., 660; Caldwell v. Steamboat Co., 47 N. Y., 282; Hays v. Railway, 46 Texas, 272.

GAINES, ASSOCIATE JUSTICE.—The appellee sued the appellant corporation to recover damages for an injury to his property resulting from tearing up his sidewalk and cutting a hole in his awning for the purpose of setting a telephone pole. He recovered a judgment for $40 actual damages and for the same amount as exemplary damages.

It is claimed by the appellant that there was no evidence in the case to warrant a recovery of exemplary damages, and in that proposition we concur. The plaintiff's house was occupied by tenants at the time of the injury, and while it was shown that neither he nor his tenants gave their consent, it did not appear in evidence that either made any objection until the work was done. It would seem that when the plaintiff did object the company had the pole removed. At all events it was removed immediately the suit was brought. The city engineer testified: "It was my duty to show the telephone company where to place their poles. I permitted the manager of the telephone company to place their pole where they did in front of Mr. Kennedy's building. We had a little controversy about it. I wanted them to put it in the place where it now is, but the manager seemed to think that it would be too long a stretch, and I permitted him to put it where he did."

The defendant's manager testified: "I superintended the placing of the pole. We put in the pole in front of Mr. Kennedy's place between the 6th and 10th of November. Both the mayor and the city engineer went with me and I told them where I wanted to place the pole, and they told me to place it there."

The testimony of these witnesses was undisputed. Besides there was no evidence tending to show that the company's manager intended to act in other than a lawful manner. Such being the evidence we fail to find in the facts of the case anything to authorize a recovery of exemplary damages. It is neither a case of malice, oppression, nor gross negligence. The intentional doing of a wrongful act without justification or excuse is ordinarily malicious; but although an act may be intentional and may result in a wrong, yet exemplary damages should not be awarded when it appears that there was no actual intention to invade any right. The fact that the telephone pole was placed according to the direction of the mayor of the city and of the city engineer,

and that it was removed in a short time, show that the plaintiff was entitled to full compensation for his damages but for no other recovery. To warrant punitory damages there must be some bad motive or such reckless conduct, either intentional or grossly negligent, as shows a conscious disregard of the rights of another.    1 Suth. on Dam., 724.

We need not discuss the question of the liability of the company in exemplary damages for the act of its manager.    The judgment will be reversed and the cause remanded unless the plaintiff shall remit the judgment for exemplary damages.    If such remittitur be filed within ten days the judgment will be affirmed at the costs of the appellee.

*Reversed and remanded.*

Delivered March 3, 1891.