## W. D. WARTMAN v. EMPIRE LOAN COMPANY ET AL.

### Decided March 9, 1907.

**Usury—Venue—Statute Construed.**

The act of taking or receiving usurious interest is not such a tort as is referred to in subdivision 6 of article 1585 of the Revised Statutes, and a suit to recover the statutory penalty for receiving usurious interest must be brought in the county of defendant's residence.

Appeal from the County Court of Dallas County. Tried below before Hon. H. F. Liveley.

*Chas. I. Evans,* for appellant.—The trial court erred in sustaining the plea of privilege of the defendant Almon Cotton to be sued in Harris County, Texas, and in dismissing this cause, because the taking of the usurious interest by the defendants was a tort, to recover the penalty for which prescribed by the statute this suit was brought, and such usurious interest was taken and received, and such tort committed, in precinct No. 1, of Dallas County, Texas, and therefore the Justice Court of said precinct and county, has jurisdiction of a suit against the defendants participating in such acts of taking usurious interest which is forbidden by statute.

Article 1585, clause 6, of the Revised Civil Statutes, provides that suit for damages for torts may be brought in the county and precinct in which the injury was inflicted. 1 Sayles' Civil Stat., p. 596.

The penalty prescribed by the statute for taking usurious interest is in the nature of a punishment for the doing of an unlawful act; the law inflicts the penalty as a punishment for its violation. 18 Am. & Eng. Enc. Law (1st ed.), p. 269.

Any violation of the law by one person which injuriously affects the rights of person or property of another is a tort. Shirley v. Waco Tap Ry. Co., 78 Texas, 144; San Antonio & A. P. Ry. Co. v. Gurley, 83 S. W. Rep., 842; Davis v. Pullman Co., 79 S. W. Rep., 635; Lee v. Turner, 71 Texas, 265; 26 Am. & Eng. Law (1st ed.), p. 72.

The taking of usurious interest, in violation of the statute forbidding it, is a tort. Bouvier defines a tort to be "A private or civil wrong or injury. A wrong independent of contract. The breach of a legal duty." 2 Bouvier's Dic., Tort, p. 1124.

All who aid, advise, command or countenance the commission of a tort, are liable. Ibid., 1125.

And it has been expressly held that a suit to recover the penalty denounced by the statute for taking usury, must be brought in the county where the usury was taken, and the law was violated. Green v. Mangum, 3 Murph. (N. C.), 39.

*J. V. Meek,* for appellees.

TALBOT, Associate Justice.—This suit was instituted in the Justice Court of precinct No. 1 of Dallas County, Texas, by appellant as assignee of C. A. McCormick and A. S. Raughton, to recover of appellees, Empire Loan Company, Almon Cotton, W. G. Croney and W. J. Fox, the penalty prescribed by article 3106 of the Revised Statutes amounting to $200, based on the claim of the said McCormick and Raughton that they had paid to appellees usurious interest. The Empire Loan Company was simply the trade name under which the appellee, Cotton, "as sole owner" carried on the business of loaning money. At the time this suit was instituted and when the trials below were had he resided in precinct No. 1, Harris County, Texas, and pleaded his privilege to be sued in that county. Appellees Croney and Fox resided in precinct No. 1, Dallas County, Texas, and as the agents of the said Cotton, in his business name of Empire Loan Company, and in said Dallas County, loaned the money to McCormick and Raughton, upon which they claim to have paid the usurious interest. Neither of them had any interest whatever in the business conducted by Cotton in the name of Empire Loan Company, but as the clerks and agents of Cotton, received for him in Dallas County the alleged usurious interest. Cotton's plea of privilege setting up his right to be sued in Harris County was overruled in the Justice Court and judgment rendered in favor of appellant against all the appellees for the sum of $200. From this judgment appellees appealed to the County Court and there Cotton's plea of privilege and the sworn answer of Croney and Fox denying partnership with him, etc., were, upon the evidence heard, sustained and the cause dismissed. To this judgment appellant excepted and has perfected an appeal to this court.

That the interest, paid by McCormick and Raughton, and received by Croney and Fox for Cotton in Dallas County, was usurious, is not a controverted question. Nor is there any evidence in the record contradicting the positive testimony that Cotton's residence was in Harris County, Texas, that Croney and Fox resided in Dallas County, were not partners of Cotton, and had received the usurious interest simply as his hired agents and employes.

The controlling question raised by the assignments of error is: Was the act of taking or receiving the usurious interest in Dallas County a tort? Article 1585, subdivision 6 of our Revised Statutes provides that suit for damages for torts may be brought in the county and precinct in which the injury was inflicted, and if this question should be answered in the affirmative then each and all of the appellees who participated therein are liable for the statutory penalty and the suit can be maintained in Dallas County. For the law is well established that if the

act constituting the tort was done under circumstances which would make him who actually committed it, if acting in his own right, responsible to the injured party, the fact that he was acting therein as the agent of another would not excuse or relieve him from liability. (Baker v. Wasson, 53 Texas, 150; 2 Clark & Skyles on Agency, sec. 597.) If, on the other hand, the question should receive a negative answer, then Croney and Fox who acted in the transaction only as Cotton's agents are not personally liable for the penalty sought to be recovered and the trial court's action in sustaining Cotton's said plea of privilege and in dismissing the suit was correct.

Definitions of the word "tort" in various forms will be found in the text books and law dictionaries. In his work on Non-Contract Law, sec. 4, Mr. Bishop says: "The word tort means nearly the same thing as the expression 'civil wrong.' It denotes an injury inflicted otherwise than by a mere breach of contract; or, to be more nearly accurate, a tort is one's disturbance of another in rights which the law has created, either in the absence of a contract or in consequence of a relation which a contract had established between the parties." Mr. Pollock, in his work on Torts, p. 4, says: "A tort is an act or omission giving rise, in virtue of the common law jurisdiction of the court, to a civil remedy which is not an action of contract. The word 'torts' is used to describe that branch of the law which treats of the redress of injuries which are neither crimes nor arise from the breach of contracts. All acts or omissions of which the law takes cognizance may generally be classed under the three heads of contracts, torts and crimes. Contracts include agreements and the injuries resulting from their breach; torts include injuries to individuals; and crimes injuries to the public or state." Bouv. Law Dict. Title "Torts." Again, "A tort may be distinguished from a contract in that a contract involves the agreement of at least two parties, whereas a tort, as such, involves no agreement."

From the foregoing definitions, we understand, that counsel for appellant concludes, and it is so argued in effect, that any civil wrong done, which injuriously affects the rights of person or property of another, and which is denounced by statute with a penalty attached which may be recovered by the injured party by way of damages, is a tort. In this view we can not concur. Among the many injuries now classified as torts we fail to find the wrongful act of charging and receiving usury. Evidently the term "civil wrongs" appearing in the definitions given, is used in a restricted and not in a broad and comprehensive sense, embracing every wrong for which an action may be maintained. Mr. Pollock says: "According to the common understanding of words, breach of trust is a wrong, adultery is a wrong, refusal to pay just compensation for saving a vessel in distress is a wrong . . . but that which is remedied in each case is not a tort." It is true that torts, "in large classes of cases, only arise in consequence of a disregard of duty in relations which have been formed by express or implied contracts," but in speaking of personal actions in form *ex delicto* we usually and ordinarily understand them to be actions for the redress of wrongs unconnected with contract. An action of tort, strictly speaking and as it is commonly understood, is one in which the complainant seeks to recover damages for defamation of character, the wrongful and forcibly taking of his

property or injury to it, or for unlawful violence inflicted upon his person. Such an action, so far as we are informed, has never been founded and sustained on a wrongful act committed, such as the taking of usury, by the consent of the injured party, or in which he actively participated. To characterize such an act as a tort would seem to be anomalous.

But whatever doubt might otherwise be entertained upon the subject the same should be removed by our statute and the construction it has received by the courts. Article 3106 of the Revised Statutes provides: "If usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives may by action of debt, instituted in any court of this State having jurisdiction thereof, within two years after such payment, recover from the person, firm or corporation receiving the same, double the amount of the interest so received or collected." In the case of Rosetti v. Lozano, 70 S. W. Rep., 204; 5 Texas Ct. Rep., 854, our Supreme Court, in holding that the recovery provided for in this article could only be had in "an action" therefor, says: "By 'action of debt' the Legislature did not, we think, mean to require that the action be technically that action known as such at common law, for the reason that we have no forms of action. Still, it is true that the provision gives only a right to recover the penalty by some action for it, as for a debt." Again, no question is better settled perhaps, than that a mere personal tort dies with the party and is not assignable, and it will be noted that the right of action, given in the statute above quoted by its express provisions, would survive, in case of the death of the party paying the usurious interest, to his legal representatives, and become an asset of his estate subject to administration. Such right of action this court held in the case of Taylor et al. v. Sturgis, 68 S. W. Rep., 538, to be assignable and hence not a tort. In disposing of the question Judge Rainey said: "In Galveston, H. & S. A. Ry. Co. v. Freeman, 57 Texas, 156, the test there given for the assignability of a right of action is thus stated: 'mere personal torts die with the party, and are not assignable. Such are actions of slander, libel, assault and battery, false imprisonment, crim. con. seduction, etc. On the other hand, when the injury affects the estate rather than the person, when the action is brought for damages to the estate and not for injury to the person, personal feeling or character the right of action can be bought and sold.'" From these interpretations of the statute, which are certainly correct, it would seem to necessarily follow that the receiving of usury in this State is not a tort; that the "action" necessary to recover the penalty therefor is one of debt, or in the nature of debt, as contradistinguished from an action of tort, and must be brought in the county of the defendant's residence.

There is no evidence whatever in the record sent to this court tending to show that the Empire Loan Company was a corporation or that the appellees, or either of them, ever held themselves out to the public as being a corporation, association or company under the name of the Empire Loan Company. On the contrary, appellee Cotton was sued as principal, doing business under that name and the other appellees as his agents representing him in Dallas. Besides, the written instruments signed by McCormick and Raughton in securing the loans out of which this suit arose, show, as does the other evidence in the case, that the

Empire Loan company was simply a trade name under which the said Cotton did business. Appellant's third assignment of error is therefore overruled.

Whatever cause of action appellant has, so far as shown by the record .sent to this court, is against Almon Cotton alone, and as it was shown that he resided in Harris County, Texas, the trial court properly sustained his plea of privilege to be sued in that county.

The judgment of the court below is therefore affirmed.

*Affirmed.*