## ALAMO BOILER & MACHINE WORKS v. PHILLIPS.

### No. 2811.

Court of Civil Appeals of Texas. Waco.

Dec. 16, 1948.

Rehearing Denied Dec. 31, 1948.

Sleeper, Boynton, Darden & Burleson and Peeler Williams, Jr., all of Waco, for appellant.

A. D. Mabray, of Waco, for appellee.

TIREY, Justice.

Plaintiff's suit is grounded upon breach of contract and he sued for actual and exemplary damages.

Pertinent to this discussion the jury found that (7, 7—1) plaintiff's Exhibit No. 6 was agreed upon by plaintiff and defendant corporation as of August 23, 1947; (7-A, 7-B, 7-C and 7-D) that under said agreement plaintiff earned commissions in the amount of $858.76, that plaintiff had been paid the sum of $169.75, and that defendant owed plaintiff the sum of $679.01 in commissions; (12) that said corporation breached its memorandum in writing, being plaintiff's Exhibit No. 6; (13) that such breach was not fraudulent; (14, 15) that such breach was malicious and willful; (16) that plaintiff was damaged by defendant's breach of memoranda in writing, being Exhibits Nos. 3 and 6 inquired about in Special Issues Nos. 6 and 7 (Note: The jury found that No. 3 was not fully agreed to, but since no actual damages were allowed except those that accrued by reason of the breach of Exhibit No. 6, and since the award for exemplary damages must be reversed and rendered, this apparent inconsistancy passes out of the case); (17) that plaintiff was damaged by defendant's breach of each or both of said memoranda in writing in the amount of $2826.88. The court entered judgment in behalf of plaintiff against defendant for the total sum of $3505.89 (Items $679.01 and $2826.88 aforesaid). Thereafter and on the same day the court overruled defendant's amended motion for new trial but held in effect that the award of $2826.88 as exemplary damages was excessive in the amount of $2076.88 and required the plaintiff to remit such excess, to which plaintiff duly excepted and gave notice of appeal. Defendant seasonably excepted to the court's action in overruling its motion to set aside the verdict and its amended motion for new trial and perfected its appeal.

Appellant's first point is: "The error of the court in permitting appellee, Harry S. Phillips, to recover commissions based upon a written memorandum executed after sale of the signs in question, when he had declared upon and proved an oral contract to pay commissions entered into prior to the sale of the signs in question." We overrule this contention.

In paragraph 4 of the original petition we find the following allegations pertinent

to the sale of the merchandise on which the jury awarded actual damages:

"Plaintiff further alleges that before making aforesaid trips, resulting in the above alleged sale of signs to the City of Port Arthur, it was definitely agreed between plaintiff and defendant corporation, acting by and through its said officers said Charles F. Weddington and S. M. Bunn, that plaintiff was to pay his own expenses if he made any sales and that any and all additional expenses, including freight on shipments of such signs were to be deducted, together with the cost of such signs from the Minnesota Mining and Manufacturing Company to defendant corporation and that plaintiff was to receive the full net commission, after making said deductions from the gross sales price; that plaintiff was anxious to have such agreement put into writing and therefore, on or about August 28, 1947, plaintiff resorted (reduced) said agreement to writing and submitted the same to the said Charles F. Weddington, who in turn submitted said agreement to the said S. M. Bunn; that the said S. M. Bunn made certain changes in the original written agreement as submitted to him; that said agreement was then rewritten with such changes therein as requested by the said S. M. Bunn incorporated therein and the rewritten, or changed agreement, resubmitted on the same date of August 28, 1947 by plaintiff to the said Charles F. Weddington, who thereupon, and on said date of August 28, 1947, approved said revised written agreement in writing as follows: 'Mr. Bunn O.K. C.F.W.', which said written agreement was thereupon signed by plaintiff and the same submitted back to the said S. M. Bunn for his signature along with the written approval of the said Charles F. Weddington, Secretary of defendant corporation; that it is not within the knowledge of plaintiff as to whether or not said agreement written in accordance with the changes and instructions of the said S. M. Bunn was ever signed by him; that the original copy of said agreement is in the possession of defendant corporation and defendant corporation is here now placed on notice to produce same on the trial of this case, and upon such refusal to produce the same, secondary evidence of its contents will be submitted by plaintiff * * *."

The agreement referred to in the pleading bearing date 25th of August, 1947, was set out in haec verba and was tendered in evidence and the jury found that said instrument became effective on the 23rd day of August, 1947. Plaintiff, in his second trial amendment, plead in effect that defendant received and accepted the benefits of the contract dated August 25, 1947 and that such contract was entered into in order to reduce to writing a previous oral agreement between the parties, and further plead: "* * * defendant corporation proceeded to operate under each and both of said contracts of the 1st day of March, 1947 and the 25th day of August, 1947 * * * and defendant corporation is * * * now estopped to deny the execution of said contract * * * and * * * and is now fully bound by each and all of the terms and provisions of each and both of said contracts contained."

Plaintiff testified in part with reference to the sale of the signs in question:

"Q. I will ask you, did you turn this order into the Alamo Boiler and Machine Works? A. After I had a definite and positive agreement with Mr. Weddington as to the terms and conditions, that I was to enjoy the full commission on that sale, yes.

"Q. Before turning in that order to the Alamo Boiler and Machine Works what steps, if any, did you take toward a definite understanding with the Alamo Boiler and Machine Works as to the commission, if any, you were to receive from this sale? A. I sit (sat) right there in the office that morning and wrote up an agreement, a memorandum agreement between the Alamo Boiler and Machine Works and myself, which incorporated the fact I was to enjoy the full commission on this sale.

"Q. What morning was that? A. That was on the morning of the 27th, August 27th."

Since it is without dispute that defendant received and accepted the benefits of said sale and paid plaintiff a part of his commission and refused to pay him

the balance of $679.01, as found by the jury, our view is that the testimony is sufficient to support the issue tendered by the pleading and that reversible error is not shown in this behalf. Rule 434, Texas Rules of Civil Procedure, provides in part:

"* * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court * * *."

See also Rules 45 and 47, T.R.C.P.

██ Appellant's second point is: "The error of the court in entering judgment against appellant for exemplary damages because the evidence disclosed only a simple breach of a contract unaccompanied by an independent tort." We sustain this contention.

Plaintiff's allegations with reference to exemplary damages are:

"Plaintiff here now alleges that each and all of the statements made by the said Charles F. Weddington as Secretary of defendant corporation, and the said S. M. Bunn, as President of said corporation, acting for said corporation, made to plaintiff herein, in connection with the transactions as hereinbefore alleged, and each and all of the acts on the part of said officers of defendant corporation in connection with said transactions, and the writing of the hereinabove alleged various and sundry contracts and submission of the same by defendant corporation to plaintiff, were willful statements, acts and deeds on the part of officers of defendant corporation and the same made, done and performed for the purpose of confusing plaintiff and discouraging him from attempting to collect the amounts of salary and commissions earned by plaintiff and rightfully owing to him by defendant corporation and that such statements, acts and deeds on the part of said officers of defendant corporation amounted to fraudulent, malicious and oppressive conduct on the part of said officers of said defendant corporation of its contract originally entered into by and between plaintiff and defendant corporation, under which plaintiff in good faith was operating, said contracts being said original five year agreement of August 25, 1947 in reference to payment by defendant corporation as full commissions to plaintiff on sales made by him and that as a result of such willful, fraudulent and malicious conduct on the part of said officers of defendant corporation, and aforesaid fraudulent and malicious breach by defendant corporation of its said contracts, plaintiff herein has been further and additionally damaged in the sum of not less than $5000.00."

Plaintiff's testimony on which the exemplary damages was based was substantially to the effect that after the completion of the sale of signs to the City of Port Arthur, he presented a bill to the defendant for $169.75, which was 20% of the commissions of the sale, and that this amount was paid to him; that the balance of the commission in the sum of $679.01 was never paid to him and that defendant refused to pay it on two different occasions; that on the first of these Mr. Bunn said to him, "Now that you have asked for this meeting, what do you want?", and upon being asked for money Mr. Bunn said: "We are through, and I will not pay this money until you sign that contract." The contract referred to was a draft of the proposed five year contract which had been the subject of negotiations between the parties since February, 1947. In the two refusals the plaintiff said Mr. Bunn told him, "I am not going to pay you anything until you sign that contract." We have carefully examined the statement of facts and our view is that the evidence tendered fails to raise an issue of tortious conduct. If we should be mistaken in this view, we are of the further opinion that plaintiff is precluded from a recovery of exemplary damages for the reasons, (a) the jury found that the breach of the contract designated as Exhibit No. 6 was not fraudulent, and (b) no request was made for the submission of the issue of tortious

conduct on the part of defendant and none was submitted. Such issue was an independent ground of recovery for exemplary damages and plaintiff had the burden of pleading and proving such issue and in having it submitted to the jury, and this he failed to do. See Rule 279, T.R.C.P.; also Baker v. Mays & Mays, Tex.Civ.App., 199 S.W.2d 279; Ormsby v. Ratcliff, 117 Tex. 242, 1 S.W.2d 1084. Moreover, our Supreme Court, in International Printing Pressmen & Assistants' Union of N. A. v. Smith, 198 S.W.2d 729, 735, announced this general rule: "However, generally speaking, 'actions in contract and in tort are to be distinguished in that an action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for a breach of duty imposed by law.'" Again our Supreme Court in Carter Lbr. Co. v. Saide, 140 Tex. 523, 168 S.W.2d 629, 631, said: "The rule in this State is that exemplary damages cannot be recovered for a simple breach of contract, where the breach is not accompanied by a tort, even though the breach is brought about capriciously and with malice." See these cases for collation of authorities. The foregoing rules are general but they are applicable to the factual situation here. The failure of the defendant to pay the balance of the earned commission on the sale of the signs to the City of Port Arthur was only a simple breach of a contract unaccompanied by a tort, and by reason thereof exemplary damages cannot be recovered for the same. See 13 T.J., Damages, sec. 135; Houston & T. C. Ry. Co. v. Shirley, 54 Tex. 125; 25 C.J.S., Damages, § 120; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S.W. 230. American Life Ins. Co. v. Nabors, 76 S.W.2d 497, 124 Tex. 22; Smith v. International Pressmen's Union of N. A., Tex.Civ.App., 190 S.W.2d 769; Wartman v. Empire Loan Co., 45 Tex.Civ.App. 469, 101 S.W. 499; Uzarski v. Union Nat'l Bank, 152 Pa.Super. 433, 33 A.2d 459; Consumers Lignite Co. v. James, Tex.Civ.App., 204 S.W. 719; Southwestern Telegraph & Telephone Co. v. Luckett, 60 Tex.Civ.App. 117, 127 S.W. 856.

It follows that the judgment of the trial court insofar as it awarded exemplary damages in behalf of plaintiff must be reversed and rendered. That part of the judgment that awarded actual damages must be affirmed. Accordingly, the judgment of the trial court wherein it awarded the sum of $750 as exemplary damages in behalf of plaintiff is reversed and rendered, but the judgment of the trial court in awarding to plaintiff the sum of $679.01 in actual damages, together with all costs in the trial court, is in all things affirmed, but the costs of this appeal are taxed against plaintiff.

We have considered each of the other points of error assigned and each is overruled.

The judgment of the trial court is affirmed in part and reversed and rendered in part.

LESTER, C. J., took not part in the consideration and disposition of this case.