**UPHAM GAS CO. v. SMITH.**
No. 15322.

Court of Civil Appeals of Texas.
Fort Worth.
March 7, 1952.

George M. Ritchie, Mineral Wells, for appellant.

John W. Moore, Jacksboro, for appellee.

RENFRO, Justice.

Appellee N. F. Smith sued appellant Upham Gas Company in the County Court of Jack County for actual and exemplary damages by reason of alleged unauthorized construction by appellant of a gas pipe line across a tract of land owned by appellee.

Based upon a jury verdict, the court entered judgment against appellant for the sum of $175 exemplary damages. The court also awarded appellee the sum of $17.50 actual damages based on a tender of said amount by appellant. Appellant has appealed from the judgment awarding exemplary damages.

By its first point of error appellant contends that the trial court erred in submitting issues on exemplary damages to the jury because there is no evidence in the record tending to show such wilfulness on the part of appellant as to give rise to exemplary damages.

We sustain the contention.

It is admitted that appellant did not have permission to cross appellee's land with the two inch pipe line in question. The evidence, however, shows that since 1929 appellant had a written easement for a four inch pipe line diagonally across the land now owned by appellee. In the fall of 1950 the Tillman well was drilled adjacent to appellee's land. A foreman for the appellant was instructed to run a two inch pipe line from the four inch line to the Tillman well. The foreman connected the line at a tap and ran the two inch line at an angle from the four inch line to the Tillman well. The line proceeded across appellee's land at a distance of 287 feet. At the time the line was laid, the foreman believed the land was a part of the tract on which the Tillman well was situated. He had been along the line before and knew that a contractor, not connected with appellant, had previously run a line from the same tap to the same well. He testified that as soon as he learned the two inch line was on appellee's land, he removed it.

Appellant, in his answer, alleged that the usual reasonable price for right of way for such lines in the area of appellee's land was $1 per rod, and tendered into court the sum of $17.50 for the 17½ rods covered by the pipe line. Appellee apparently was willing to accept the tendered sum of $17.50 as the amount of his actual damages, for the record shows that no issue was sub-

mitted to the jury inquiring as to the amount of actual damages sustained, and no request that any such issue be submitted to the jury. The amount of land affected to some extent by the line was .02 of an acre.

 Where the injury complained of is connected with real property, exemplary damages will not be given in the absence of the existence of the essential circumstances of aggravation. 25 C.J.S., Damages, § 121, p. 719.

 To authorize a finding of exemplary damages for trespass, the evidence must show some element of fraud, malice or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence or such disregard of another's right as is deemed equivalent to such intent. Connor v. Sewell, 90 Tex. 275, 38 S.W. 35; Cohen v. City of Houston, Tex.Civ.App., 185 S.W.2d 450; Bingham v. Johnson, Tex. Civ.App., 7 S.W.2d 665; Little Sandy Hunting & Fishing Club v. Berry, Tex. Civ.App., 194 S.W. 1161; Craddock v. Goodwin, 54 Tex. 578.

 To sustain a judgment for exemplary damages, it is not sufficient to show that the defendant could or should have foreseen and prevented the loss or injury —but that defendant acted intentionally or wilfully or with a degree of gross negligence, which indicates a fixed purpose by defendant to bring about the injury of which plaintiff complains. Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709; Bolton v. Stewart, Tex.Civ.App., 191 S. W.2d 798.

 Punitive damages may not be awarded where it appears that the defendant acted in good faith or without wrongful intention, or in the belief that he was exercising his right. 13 Tex.Jur., p. 243, sec. 134.

 In our opinion no evidence of probative value was offered to show the necessary elements upon which a finding of exemplary damages must be based. Appellee did not plead or prove gross negligence. The record reveals no evidence of any facts or circumstances sufficient to uphold a finding of malice, ill-will, conscious indifference, nor such disregard of appellee's right as to amount to malice or evil intent. The evidence is uncontradicted that the employee who actually laid the pipe line across appellee's land thought he had a right to do so. The record is void of any evidence showing that the foreman, superintendent or any one else connected with appellant knew that the pipe line was laid across appellee's land.

The record as a whole reflects nothing more than a simple trespass. The trial court erred in overruling appellant's motion for instructed verdict on the claim for exemplary damages. The judgment of the trial court is affirmed as to the amount of $17.50 actual damages, but that part of the judgment awarding exemplary damages is hereby reversed and judgment rendered that appellee take nothing.

It is ordered that appellant pay all cost in the court below and that appellee pay all cost of appeal.

Judgment affirmed in part and reversed and rendered in part.