Lloyd C. PHILLIPS et ux., Appellants,

v.

Frank W. WICK, Appellee.

No. 3345.

Court of Civil Appeals of Texas. Waco.

March 22, 1956.

Rehearing Denied April 12, 1956.

Ronald Smallwood, San Antonio, for appellants.

Wm. W. Beuhler, San Antonio, for appellee.

TIREY, Justice.

This is an appeal from a judgment of dismissal.

Plaintiffs' cause of action is grounded on a written contract dated October 22, 1950. Their original petition was filed on September 30, 1954. Defendant seasonably filed his original answer and set up certain exceptions thereto and thereafter plaintiffs filed their first amended original petition on May 28, 1955 and went to trial on such pleading. In the amended pleading plaintiffs alleged that they entered into the contract with defendant on October 22, 1950 for the purchase of certain real estate in San Antonio, Texas, and that under the terms of the contract they agreed to pay defendant the total purchase price of $12,-500 for the land and improvements to be erected thereon; that in the written contract the defendant obligated himself, among other things, as follows:

"I agree to complete the house on said lot in a good workman like manner which will include glazing all windows; hanging and fitting all doors, textoning and tinting all walls; using such tints as the buyer decides; sanding and finishing all floors, except the kitchen floor and bathroom floor it being understood that the kitchen floor will be rough-sanded and covered with asphalt tile of the selection of the buyer and the bathroom floor is to be covered with ceramic tile and the bathroom walls up to the usual height are to be covered by either plastic tile or ceramic tile at the option of the buyer; * * * I also agree to do such other things as are needed to complete the property and put it in a good liveable condition."

That on December 25, 1950, and after they had moved into the house, some of the interior walls and ceilings cracked as the result of the sinking of the foundation; that the sinking of the foundation was a direct and proximate result of the breach of the above quoted provisions of the contract in the following particulars: in constructing said foundation defendant failed to install a sufficient number of piers or stringers to maintain and support the weight of the house, and that the footings were not of sufficient area or depth; that the failure of the defendant in this behalf was a breach of the written contract in that he agreed to complete the house in a good and workmanlike manner, as well as the provision in

the contract wherein he agreed to do, such other things as were needed to complete the property and put it in a good liveable condition; that plaintiffs did not discover the breach of the contract until December 25, 1950, when the concrete sank to such an extent to cause the ceilings and interior walls to crack; that the doors sagged with the sinking of the foundation to the extent that they would not open, and that the house became so unliveable that plaintiffs could not continue to live there without repairing it; that plaintiffs made written demand on defendant to repair the defective foundation, as well as to repair the interior walls and ceilings and fix the doors, but that defendant refused to make any repairs, and plaintiffs alleged that they had sustained damage in the sum of $780 in making the necessary repairs to the foundation, and that they had obligated themselves to pay the further sum of $374.50 for necessary repairs to the cracked ceilings, walls and doors, and that these sums are reasonable, and they prayed for damages in the sum of $1,154.50. (Substantially the same allegations were contained in their original petition.)

Defendant in his first supplemental answer excepted to the plaintiffs' amended pleading on the ground (1) that the cause accrued more than two years before the commencement of the suit and that same was barred by the two-year statute of limitations, Vernon's Ann.Civ.St. art. 5526; and (2) that the cause of action accrued more than four years before the commencement of the suit and that it was barred by the four-year statute of limitations, Vernon's Ann.Civ.St. art. 5529. These special exceptions were sustained by the court and the plaintiffs declined to amend and the court dismissed their cause.

The judgment is assailed on the ground that the court erred in holding that the cause of action set out in the amended pleading was barred by the two and four-year statutes of limitations. We sustain this contention.

We think the cause of action as pleaded by plaintiffs falls within the general rule set out in International Printing Pressmen and Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729, 735. The rule there stated is: "'Actions in contract and in tort are to be distinguished in that an action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for a breach of duty imposed by law.' * * * 'if the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is, in substance, an action on the contract, whatever may be the form of the pleading.'" See points 6–7; also 8–10, 198 S.W.2d at page 735. See also Alamo Boiler & Mach. Works v. Phillips, Tex.Civ.App., 215 S.W.2d 933, point page 936 (no writ history); also Rule 1, T.R.C.P.

Although the foregoing rule is general, we think it is applicable and controlling here and that the plaintiffs' original pleading, as well as the amended pleading, falls within the general provisions of this rule. It seems unthinkable to us that one would pay the sum of $12,500 for a house that was to be constructed on a faulty foundation, and we think there was an implied contract here that the house to be constructed and for which the plaintiffs were obligating themselves to purchase would be constructed on a foundation sufficient to sustain the character of house to be built.

Accordingly, the judgment of the trial court dismissing this cause is reversed and remanded and the court is directed to let either of the parties file such amended pleadings as they may desire.

Reversed and remanded.