**Bobby Wayne JACKSON**

v.

**Ronnie W. CLARK et al.**

No. 7079.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 2, 1961.

Rehearing Denied Nov. 6, 1961.

Albert Smith, Lubbock, for appellant.

Shaver, Hurley & Sowder, Crenshaw, Dupree & Milam, Lubbock, for appellees.

DENTON, Chief Justice.

Ronnie Clark and wife June Clark, along with D. L. Peterson, sued Tony L. Gibson and wife Donna Gibson and appellant Bobby Wayne Jackson for property damage to Peterson's automobile and the Clark's automobile air-conditioner which resulted from a collision involving three automobiles on February 24, 1959 near the intersection of 34th Street and Orlando Avenue in the City of Lubbock. No claim for personal injuries was made by any of the parties hereto. Trial was to a jury and based on the jury's answers to the special issues submitted, the trial court entered a judgment for plaintiffs against Jackson for the sum of $1,750.

Prior to the collision appellant Jackson was driving his father's 1951 Ford pickup in a westerly direction in the inside or center lane of 34th Street. Donna Gibson, one of the appellees, was driving her 1953 Chevrolet in the same direction and in the same lane that Jackson was driving. Her testimony was that she had followed the pickup for some two blocks prior to the collision. She further testified she was approximately one and one-half car lengths behind Jackson's pickup. Jackson testified he did not see the Gibson car until the two cars came in contact. As the two cars approached a point just beyond the intersection of 34th and Orlando Avenue the speed of the pickup was decreased.

When Mrs. Gibson attempted to pass the pickup on the left the Gibson car struck the pickup in the left side. After this impact the Gibson car veered to the left and proceeded into the private parking area of a grocery store, and there struck the parked 1959 Chevrolet owned by Peterson. Mrs. Clark had driven the Peterson car to the parking lot, but no one was seated in this car at the time it was struck.

■ Appellant's first two points of error complain of the trial court instructing counsel and all witnesses to refrain from mentioning that State Farm Mutual Insurance Company, insurer of the Gibsons, had entered into any agreement with Bobby Wayne Jackson following the collision; and of the trial court sustaining Gibson's exception to Jackson's pleadings which pleaded that State Farm had paid Jackson some damages sustained by him. It is appellant's contention the settlement made by State Farm and Jackson is admissible as an admission or declaration against interest. He argues that State Farm and not the Gibsons is the real party in interest, and that by making the settlement with Jackson, the Gibsons could not be prejudiced by the admission of the settlement. Appellant also places a great deal of importance on the fact the Gibsons were not seeking a recovery of damages. Appellant relies principally on McEntire v. Baygent (Tex. Civ.App.) 229 S.W.2d 866, 20 A.L.R.2d 300 (no writ history) and Skelly Oil Co. v. Carter (Tex.Civ.App.) 316 S.W.2d 87 (no writ history). These cases, along with others therein cited, simply reaffirm the established rule of law that it may be shown that the defendant has paid the claims of other persons whose damages resulted in the same manner as the plaintiff. See also "Texas Law of Evidence," McCormick & Ray, 2d Ed. Sec. 1150. This principle is not controlling under the facts and circumstances of the instant case, but applies where a settlement was made to another claimant by the named defendant in the case under consideration.

■ In the instant case State Farm made the settlement with Jackson. No effort was made to introduce the alleged settlement agreement, but appellant contends the allegations and pleadings must be accepted as true. We are aware of the rule that this Court must assume that the allegations are true in testing their sufficiency by a special exception; however, the pleadings make no assertion that the settlement was made with the knowledge or consent of the Gibsons. In our opinion knowledge and consent on the part of the insured is essential before evidence of a settlement of a claim by the insurance company with another claimant would be admissible in a suit where the insured and the other claimant are parties. Appellant contends that the allegation "Thereafter, State Farm Mutual Insurance Company, acting for itself and as the representative of Tony L. and Donna Gibson" implies knowledge and consent of the settlement on the part of the Gibsons.

■ The insurance policy gave State Farm the authority to settle the claim with Jackson but to say the company, in making the settlement, was acting as the agent of Gibson and as the agent its act was that of the principal is not supported by the authorities. City Transportation Co. of Dallas v. Vatsures (Tex.Civ.App.) 278 S. W.2d 373, 375 (error dismissed) is very similar to the instant case. There Vatsures brought suit against the transportation company and one John Thomas Taylor for injuries sustained as a result of a collision involving a taxicab owned and operated by the transportation company and an automobile owned and operated by Taylor. Vatsures was a fare-paying passenger in the cab. The trial court excluded evidence of a payment on behalf of Taylor to the transportation company in full settlement of that company's claim against Taylor for their damages arising out of the collision. In holding that such evidence was

not admissible, the court used the following language:

"It is settled law that the payment of a claim in full can be offered as an admission against interest or of liability against the party paying the claim. However, the point here involved is not that proposition of law, *but* whether a payment by an insurance company of a claim against their insured may be used as an admission against interest or of liability against the insured upon the trial of a claim arising out of the same accident. The reason that the payment of a claim in full becomes admissible as evidence of an admission against interest or of liability against the party paying the claim is that the payment indicates that the party paying the claim felt himself liable, or otherwise he would not have paid the claim in full, but would have resisted it or at least compromised the claim. Such reasoning cannot apply to the situation here involved. This suit is a suit against Taylor which the Allstate Insurance Company, under the terms of its policy, undertook to defend. The Allstate Insurance Company is not a party to the suit and could not become a party to the suit. Defendant Taylor is the party at interest in the suit and is the only one against whom there can be admissions against interest or admissions of liability. Yet the record reflects that Taylor had absolutely nothing to do with the $53.38 paid to the City Transportation Company. Certainly, it cannot be said that actions taken without his knowledge or consent can constitute admissions against interest or of liability as to him."

See also Hurley v. McMillan (Tex.Civ. App.) 268 S.W.2d 229 (refused n. r. e.)

■ Appellant attempts to distinguish the instant case from the Vatsures case, but the only significant distinction between the two is the difference in the procedural approach taken by the respective defendants. The Vatsures case makes no mention of any pleadings of the transportation company pertaining to the settlement with Taylor, while the appellant in the instant case plead the settlement with Gibson's insurance company and Jackson. Apparently the transportation company in the Vatsures case merely attempted to introduce evidence of the settlement. The sustaining of Gibson's special exception to the above-mentioned pleadings had the effect of ruling that the evidence of the settlement was inadmissible. We think such a distinction is immaterial, and is not sufficient to render the principle of the Vatsures case inapplicable here. Appellant seems to place a great deal of emphasis on the fact the Gibsons were not seeking the recovery of damages in any form. The court in the Vatsures case made no such distinction where Taylor, who was being sued along with the transportation company, did not seek any affirmative relief. It is to be further noted in the language quoted above the court used the phrase: "* * * admissions against interest or of *liability* * *" (Emphasis added.) It seems the court is placing equal emphasis on an insured's interest in being able to obtain a recovery for his damages, or being able to resist liability for damages being sought against him. By seeking indemnity from Jackson, the Gibsons were properly asserting an effort to resist liability for the damages suffered by the plaintiffs. This conclusion must be reached in spite of the fact State Farm was obligated under the terms of the insurance policy to defend the suit. We therefore overrule appellant's first two points of error.

■■ By the next three points of error appellant contends the jury's findings that Mrs. Gibson was not negligent; that she did not attempt to pass a vehicle in the same lane of traffic in which she was traveling; and that she was confronted with a sudden emergency, and that she thereafter exercised ordinary care, are

against the great weight and preponderance of the evidence. By the next two points appellant takes the position the jury's findings that appellant was negligent; and that the finding he did not stop his automobile are against the great weight and preponderance of the evidence. Because of the nature of these five points of error, we deem it expedient to discuss them together. Under these assignments we must weigh all the evidence in passing on these questions of fact. In re King's Estate 150 Tex. 662, 244 S.W.2d 660.

In response to the special issues the jury exonerated Mrs. Gibson of any negligence while they found Jackson negligent with respect to lookout, turning left without a proper signal, and attempting to turn left from inside lane, and each act of negligence was a proximate cause of the collision and resulting damages. Conflicting testimony was introduced on most of the material questions involved including whether Jackson's pickup was stopped immediately prior to the collision; and whether or not he turned the pickup slightly to the left. Charles R. Tierce was the only disinterested witness to the actual collision, and by his own testimony he was some three-quarters of a block away when it occurred. The collision took place at approximately 9:00 o'clock p. m. and there was no testimony concerning the lighting conditions at the vicinity of the collision. It requires no citation of authority for the well-settled rule of law that it is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony. In the instant case the jury accepted Mrs. Gibson's version of the circumstances surrounding the collision. After reviewing all the evidence, we conclude the jury verdict was not against the great weight and preponderance of the evidence, and that the jury's answers to the specific issues complained of were supported by the evidence.

Appellant further urges that a mistrial should have been declared by the trial court because of a conflict in the jury's answers to special issues on the question of unavoidable accident. The trial court submitted separate unavoidable accident issues as follows:

"Special Issue No. 58

"Do you find from a preponderance of the evidence that the collision between the vehicle operated by Bobby Wayne Jackson and the vehicle operated by Donna Gibson was not the result of an unavoidable accident?

"Answer: 'It was the result of an unavoidable accident' or 'It was not the result of an unavoidable accident.'

"Answer: It was not the result of an unavoidable accident.

"You are instructed that an unavoidable accident is an accident occurring without fault or negligence of either party to said accident, proximately causing the accident to occur.

"Special Issue No. 59

"Do you find from a preponderance of the evidence that the collision between the vehicle operated by Donna Gibson and the plaintiff's vehicle was not the result of an unavoidable accident?

"Answer: 'It was the result of an unavoidable accident' or 'It was not the result of an unavoidable accident.'

"Answer: It was the result of an unavoidable accident.

"You are instructed that an unavoidable accident is an accident occurring without fault or negligence of either party to said accident, proximately causing the accident to occur."

Appellant made no objection to the form or manner in which these two issues were submitted, but did timely file a motion for a mistrial based on the ground of a conflict.

■ Although the trial court did not phrase the instruction in compliance with the Supreme Court's holding in Dallas Railway & Terminal Co. v. Bailey (Sup.Ct.) 151 Tex. 359, 250 S.W.2d 379, appellant made no objection. Such error was therefore waived. Vardilos v. Reid (Tex.Civ. App.) 320 S.W.2d 419 (no writ history); Rule 274, Texas Rules of Civil Procedure. Therefore, any error that may have been committed in the wording used or the manner of submitting the two special issues having been waived, we are called on to determine whether or not there is a conflict in the jury's answers to either of the unavoidable issues and issues finding appellant Jackson negligent.

■ It is apparent the trial court submitted the unavoidable accident issues on the premise that there were two separate and distinct collisions. In our opinion the test laid down by the Supreme Court in Bradford v. Arhelger, 340 S.W.2d 772 and A. B. C. Stores, Inc. v. Taylor, 136 Tex. 89, 148 S.W.2d 392, are not controlling here. In the instant case only one person was found negligent, and the jury found the collision was not an unavoidable accident as to that person. Clearly these are consistent findings. The answers of the jury to the special issues are not in such irreconcilable conflict that a judgment can not be entered on the verdict. The finding that the collision between the Gibson and Jackson cars was not the result of an unavoidable accident is not in conflict with the jury finding that Jackson was negligent. The finding that the collision between the Gibson car and plaintiff's car was the result of an unavoidable accident is not in conflict with the jury finding that neither Mrs. Gibson nor the plaintiffs were contributorially negligent. We therefore conclude appellant's contention is without merit.

Being of the opinion the record reflects no reversible error, the judgment of the trial court is affirmed.