**W. H. O'HARA, Appellant,**

v.

**FERGUSON MACK TRUCK CO., Inc.,**
**Appellee.**

**No. 14153.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 30, 1963.

Rehearing Denied Nov. 20, 1963.

508

Howard H. Hasting, William J. Salyer, San Antonio, for appellant.

Trueheart, McMillan & Russell, San Antonio, for appellee.

BARROW, Justice.

This suit was filed by W. H. O'Hara to recover actual and exemplary damages from Ferguson Mack Truck Co., Inc., for wrongful sequestration of two truck-tractors. The jury verdict was favorable to O'Hara, and found damages in the amounts of $16,000 actual, and $73,500 exemplary. The trial court concluded that there was no evidence to support the jury's finding that Ferguson Company acted maliciously in making the affidavit and procuring the writ of sequestration, and that there was no evidence to support the finding of exemplary damages. Judgment was therefore entered for actual damages only, and O'Hara has perfected this appeal. There is no appeal from the judgment for actual damages.

The facts are largely undisputed. Prior to December 6, 1961, appellant owned three truck-tractors which were used primarily to haul produce from California to San Antonio, Texas. His business was not in a strong financial position at that time. One of his tractors had been held for several months by appellee, due to appellant's failure to pay a repair bill of approximately $1200; and he owed appellee over $2600 for wreck repairs on another tractor. Appellant also owed about $3100 on the purchase price of the tractors, and several thousand dollars on a United States Government tax lien. Appellee agreed to refinance appellant in the amount of $15,000, and on December 6, 1961, appellant executed a note in this amount, secured by a chattel mortgage on the three truck-tractors. The note was payable at the Alamo National Bank, in the amount of $625 each month, commencing on January 20, 1962. The note and chattel mortgage contained an acceleration clause in the event of default of any installment, and also authorized the mortgagee, in the event of default, to take immediate possession of the property and to sell same at either public or private sale.

This note was assigned by appellee to Alamo National Bank with recourse. Ap-

pellant did not timely make the payment due on January 20, 1962. Appellee, after being unable to contact appellant, made this payment to the Bank. Appellant was not aware of this payment by appellee, and on February 8, 1962, paid the Bank the sum of $625, and was given a receipt showing payment of the January 20th installment. Appellee did not learn of this payment by appellant until February 20th. Appellee's general manager, Price Riley, testified that when they were unable to contact appellant by February 1st, concerning the January 20th installment, appellee started looking for the tractors. On February 15th, Riley saw two of the tractors at a service station, apparently being prepared for a trip. Appellant testified that the tractors were to leave on a regular round-trip to California. Riley immediately contacted his attorney and requested that the mortgaged units be repossessed. This attorney ascertained that the note had been assigned to the Bank and advised Riley that it would be necessary for the Bank to bring the suit, or else reassign the note and mortgage to appellee.

Riley testified that he telephoned the Bank and was advised by an employee in charge of the note department, in the temporary absence of the executive officer, that the note would be reassigned to appellee immediately. This Bank employee did not testify and was not identified by Riley. Riley telephoned his attorney after this conversation and advised the attorney of the purported reassignment by the Bank to appellee. Suit was filed on February 15th on behalf of appellee, and writ of sequestration was issued upon the affidavit of appellee's credit manager that he feared appellant would remove the property out of Bexar County during the pendency of the suit. The two tractors were seized that day by the Bexar County Sheriff, under this writ of sequestration.

On February 20, 1962, appellant tendered to the Bank the sum of $625 for the second payment on the note. Although the Bank still owned the note, this tender was refused after the executive officer in charge of the note department contacted appellee. The Bank officer advised appellant that appellee was repurchasing the note and that appellant should take the money to appellee. The note was not actually reassigned to appellee until February 22, 1962. No further tender was made to either the Bank or appellee. On March 22, 1962, appellee filed an amended petition in which it alleged that the January 20th payment was not timely made, and that no payment was made, as required, on either February 20th or March 20th. Appellant denied that he was in default and filed cross-action for actual and exemplary damages for wrongful sequestration. On April 12, 1962, the trial court severed appellee's petition from the cross-action and granted appellee a summary judgment on the note and foreclosure of the chattel mortgage. No appeal was perfected by appellant from this judgment for appellee. All three tractors were subsequently sold by the sheriff at public sale. The cross-action was repleaded by appellant under the severed cause number, as ordered by the trial court, and proceeded to trial on November 13, 1962.

The jury returned a verdict substantially as follows: (1) That when appellee's credit manager signed the affidavit of sequestration he did not fear that the tractors would be removed out of Bexar County during pendency of the suit; (2) the reasonable market value of the two tractors seized on February 15th was $8,000 each; (3) an officer or agent of the Bank did not verbally agree with Riley on February 15th that the note would be reassigned to appellee; (4) that appellee acted without probable cause in making the affidavit and procuring the writ of sequestration; (5) that appellee acted maliciously in making the affidavit and procuring the writ thereon; (6) that $73,500 should be awarded as exemplary damages.

Appellant asserts that there was sufficient evidence to support the jury's ver-

dict as to both malice and exemplary damages. Appellee by cross-points asserts that there was no evidence to support any of the findings of the jury. In passing on these points all evidence must be viewed from the standpoint most favorable to appellant. Burt v. Lochausen, 151 Tex. 289, 249 S.W. 2d 194.

The rule is now established in Texas that if a garnishment was wrongfully issued and levied, a cause of action arises for actual damages. However, to justify recovery of exemplary damages, such issuance must not only be wrongful, but procured without probable cause and maliciously. Peerless Oil & Gas Co. v. Teas, Tex.Civ.App., 138 S.W.2d 637, affirmed, 138 Tex. 301, 158 S.W.2d 758; Woodard v. Tatum, Tex.Civ.App., 277 S. W.2d 943; Thomas v. Callaway, Tex.Civ. App., 251 S.W.2d 921. The Supreme Court recently, in Ware v. Paxton, Tex., 359 S. W.2d 897, considered the question of whether there was evidence to support a jury finding of exemplary damages, and quoted with approval the rule from 25 C.J. S. Damages § 123, p. 726, as follows:

> "The fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages. The act complained of not only must be unlawful but also must partake of a wanton and malicious nature, or, as sometimes stated, somewhat of a criminal or wanton nature, and an act will not be deemed malicious, and so warranting punitive damages, merely because it is unlawful or wrongful."

See also, Jones v. Ross, 141 Tex. 415, 173 S.W.2d 1022; Mathes v. Williams, Tex. Civ.App., 134 S.W.2d 853; Graham v. Walters, Tex.Civ.App., 45 S.W.2d 281.

Therefore, under the guidance of the above rule, we must examine the conduct of appellee in making the affidavit and procuring the writ of sequestration. It is significant that the appellant's default in payment of the note and appellee's right to foreclose, was adjudicated by the severed judgment entered April 12, 1962. This was a final judgment. Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76; Pan American Petroleum Corp. v. Tex. Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200.

It is our opinion that there is no evidence to support a finding that appellee acted with malice in making the affidavit and procuring the writ of sequestration. Art. 6840(2) Vernon's Ann.Civ.Stats., authorizes the issuance of a writ of sequestration when a person suing for title or possession of any personal property makes oath that he fears the property will be removed out of the limits of the county during the pendency of the suit. The evidence is undisputed that appellant was preparing the tractors for a trip to California at the time the affidavit was executed.

There is no evidence that appellee knew, at the time the writ was procured, that the Bank on February 8th had accepted from appellant the payment due January 20th. Since appellee had made this payment, it had every reason to assume that it would have been informed of the late payment by appellant. Appellee was probably negligent in authorizing the suit without making sure that the note was reassigned to it. However, it is seen from the events of February 20th, that there was no dispute between the Bank and appellee over the right of appellee to have the note reassigned to it. There is no evidence of any oppressive conduct of appellee, or statements by any of its officers, which would indicate any malice on its part. There is nothing in the record to show that appellee did not honestly believe that the note was in default and, in view of appellant's weak financial condition, that it must act to preserve its security.

Under this record, the trial court properly disregarded the jury finding of malice and refused to permit appellant to recover his exemplary damages.

The judgment is affirmed.