Wayne KELSO, Petitioner,

v.

Frank S. HANSON et al., Respondents.

No. A–10311.

Supreme Court of Texas.

March 10, 1965.

Rehearing Denied April 7, 1965.

Neal, Hazelwood & Wolfram and John B. Reese, Amarillo, for petitioner.

Gibson, Ochsner, Harlan, Kinney & Morris and Harris E. Lofthus, Amarillo, for respondents.

STEAKLEY, Justice.

This case presents for decision the question of the liability of sureties on a replevy bond executed pursuant to Rule 708.[1] Delbert D. Flock employed Wayne Kelso, Petitioner, to repair a machine for him. After completion of the repairs the machine was returned to Flock's possession. Kelso was not paid and thereafter regained possession of the machine. Flock sued Kelso and sequestered the machine pursuant to Rule 696 et seq. Flock alleged in his suit that Kelso wrongfully regained and was withholding possession of the machine; that it earned an average of $100.00 per day; that he was entitled to damages in the sum of $100.00 for each day possession of the machine was withheld from him; that he was entitled to recover $10,000.00 in exemplary damages. Kelso did not replevy the machine as he could have done under the authority of Rule 701. Flock did so pursuant to Rule 708.

Some months later Kelso filed a cross-action against Flock in which he sought to recover the reasonable value of his re-pair services and to foreclose his mechanic's and materialman's lien. He also sought damages for wrongful sequestration and wrongful replevy, together with damages for malicious prosecution growing out of a criminal complaint which Flock had filed against Kelso.

The case was tried to a jury. With respect to Flock's suit against Kelso the jury found that Flock sustained a loss of income from the loss of use of the machine during the time it was in Kelso's possession but that such loss was not the result of Kelso's "own action." In the subsequent appeal the Court of Civil Appeals expressly held that this latter finding was supported by the evidence. Flock v. Kelso, 366 S.W.2d 698 (C.C.A.1963, no writ hist.). The jury further found that Flock was not entitled to any compensation for loss of income from the machine or to attorney's fees. The jury did find, however, that Flock's machine was removed from the premises of Kelso "with Kelso's knowledge and consent." There were also findings favorable to Kelso with respect to Kelso's cross-action against Flock.

The trial court entered a take nothing judgment against Flock in his suit against Kelso. Judgment was also entered in favor of Kelso on his cross-action against Flock that he "recover of and from plaintiff and cross-defendant, DELBERT D. FLOCK, on his sequestration bond and replevy bond given in the sequestration proceedings herein in the sum of ONE THOUSAND NINE HUNDRED FORTY-TWO and 69/100 DOLLARS ($1,942.69), together with 6% interest per annum thereon from and after January 18, 1962, until paid, and that defendant and cross-plaintiff, WAYNE KELSO, have foreclosure of his constitutional lien. * * *" As adverted to above, Flock appealed this judgment and it was affirmed.

This case is a subsequent suit filed by Kelso against Respondents, Hanson and Blackburn, who were the sureties on the

---

1. All references are to Texas Rules of Civil Procedure.

replevy bond given by Flock in the previous proceedings, for the difference between the value of the machine at the time of replevy and at the time of the judgment in the previous case.[2] Kelso's petition set forth the facts of the previous suit, together with the sequestration and replevy proceedings, and alleged that the machine "was surrendered to the sheriff by Delbert D. Flock in a materially and substantially altered, changed and delapidated condition"; further, that the machine brought only $50.00 in the foreclosure sale pursuant to the judgment for Kelso in the previous proceeding which ordered a foreclosure of Kelso's constitutional lien on the machine and its sale under execution in satisfaction of the judgment. Kelso further alleged that execution against Flock for the balance of his judgment was returned *nulla bona* by the sheriff because of his inability to collect from Flock or to locate any property belonging to Flock subject to execution.

Respondents filed a special exception to Kelso's petition, asserting that it did not allege a cause of action because the judgment in the previous case "by its implied finding found in favor of Delbert D. Flock as to the right of possession to the machine in that it foreclosed a constitutional lien against such machine; such lien being a nonpossessory lien and enforceable only by judgment of the court. Said judgment further shows that the jury in answer to Special Issue No. 20 found that Wayne Kelso surrendered his possessory lien. The judgment entered was on the cross-action of the defendant for a debt. * * *" The trial court sustained this special exception, and upon Kelso's refusal to amend, dismissed the suit. The Court of Civil Appeals has affirmed. 380 S.W.2d 187.

The Court of Civil Appeals considered as controlling the finding of the jury in the previous suit that Kelso consented to the return of the machine to the possession of

Flock after he, Kelso, had completed his repairs. It was the reasoning of the Court of Civil Appeals that under this finding the act of Kelso in recovering possession of the machine was unlawful, from which it follows that the sequestration of the machine by Flock could not be wrongful since Flock was merely regaining that which he had a right to have. It is implicit in the decision that the Court of Civil Appeals was of the view that liability could not exist on the replevy bond except and unless there was a wrongful sequestration and there was none here. As a consequence, the Court of Civil Appeals did not reach the problem inhering in the fact that the trial court entered a take nothing judgment against Flock in Flock's suit against Kelso in which Flock sequestered and replevied the machine. Rule 709 provides that " * * * *in case the suit is decided against the plaintiff,* final judgment shall be entered against all the obligors in such bond, jointly and severally for the value of the property replevied as of the date of the execution of the replevy bond, and the value of the fruits, hire, revenue or rent thereof as the case may be." (Emphasis added.)

The conditions of the replevy bond which Flock was required to give under Rule 708 were that he would have the machine "in the same condition as when it is replevied, together with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof, or the difference between its value at the time of replevy and the time of judgment (regardless of the cause of such difference in value, and of the fruits, hire or revenue of the same in case he shall be condemned to do so)."

Respondents contend that liability on the replevy bond turns on the question of who had the right to immediate possession of the machine at the time Flock filed his suit; and that since Flock was found to have this

---

**2.** Kelso's suit is not one seeking to enforce the judgment in the previous case which decreed him a recovery on the "sequestration and replevy bond," nor does Kelso claim that the previous judgment is res adjudicata of the liability of Flock and his sureties on the replevy bond.

right by the jury it necessarily follows that he prevailed in the suit in which the writ of sequestration was issued within the contemplation of Rule 709. This being so, Respondents continue, there can be no liability on the part of the obligors on either the sequestration or replevy bonds.

Kelso, on the other hand, draws a distinction between a suit for damages because of wrongful sequestration and a suit on a replevy bond for the decrease in value of the personal property when it is returned to the sheriff. He argues that the replevy bond serves a different conservatory purpose and that his suit on the replevy bond is independent of and not controlled by the prior sequestration proceedings. He insists that it can be presupposed in this appeal that the loss of value of the machine while in Flock's hands as the replevisor would not have occurred had the machine been left in the hands of the sheriff under the sequestration, and that the replevin bond is required to protect him against this very happening.

■ It is apparent on the face of the rules that the sequestration bond required by Rule 698 and the replevy bond required by Rule 708 serve two different purposes, and are conditioned against different contingencies. The sequestration bond guarantees the payment of damages and costs in case it is decided that the sequestration was wrongfully issued. The replevy bond guarantees that the replevisor will have the property in the same condition to abide the decision of the court. Cf. Finegan v. Read, 8 Tex.Civ.App. 33, 27 S.W. 261 (Tex.Civ. App.1894, no writ).

■ It is also correct to say that the condition of liability on the replevy bond declared by Rule 709—decision of the suit against the plaintiff—refers to the suit filed by the plaintiff pursuant to and under which the sequestration and replevin rights

are invoked. The liability of Respondents as sureties on Flock's replevy bond is unaffected by the success of Kelso in the subsequently filed cross-action against Flock. The problem is whether Flock lost *his* suit against Kelso within the contemplation of Rule 709. His prayer in this suit was "* * * that a writ of sequestration issue to preserve said machine during the pendency of this action against disposition or disposal by the defendant; and that on final hearing hereof plaintiff have judgment for his damages, attorney's fees and costs as herein prayed for," and for all other relief to which he shows himself entitled.

■ The judgment of the trial court pertaining to Flock's suit against Kelso was that Flock "take nothing by virtue of his cause of action herein." Presumably, this take nothing judgment was based on the jury finding that the loss of income sustained by Flock was not the result of Kelso's actions since this was the jury finding expressly sustained by the Court of Civil Appeals in affirming the judgment against Flock. Flock v. Kelso, supra.[3] Rule 709 does not condition liability on the replevy bond on a wrongful sequestration (as is true of the sequestration bond under Rule 698), or on a decision that the replevisor was not entitled to possession of the property. Rule 709 conditions liability in this respect upon the suit being decided against the plaintiff, and this condition is present here. It cannot be gainsaid that Flock's suit against Kelso was decided against him, and this is determinative of the question on this appeal.

■ A plaintiff availing himself of the replevin proceeding, and those obligating themselves on the replevy bond guaranteeing the performance of its terms by the plaintiff, are bound to the conditions imposed by the rules governing the procedure. Sequestration of the machine by Flock preserved it against destruction by Kelso while

3. We are mindful that the Court of Civil Appeals erroneously stated in this opinion that the jury found that the machine was taken from Kelso's possession without his knowledge and consent.

Flock's suit against him was pending. When Flock chose to exercise the replevin procedure, and thereby obtain possession and control of the machine, he bound himself and his sureties to the conditions of liability prescribed by the rules. These rules should be construed in accordance with their provisions which establish the purposes for which they were · enacted. Cf. American Mortgage Corp. v. Samuell, 130 Tex. 107, 108 S.W.2d 193. The trial court erred in sustaining Respondents' exception to the cause of action stated by Kelso.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and the cause is remanded to the trial court.