**LOCHWOOD MEADOWS, INC., Appellant,**

v.

**Ernest W. BUCK, Jr., Appellee.**

**No. 16919.**

Court of Civil Appeals of Texas.

Dallas.

May 26, 1967.

Bill Womble of Blanchette, Smith & Shelton, Dallas, for appellant.

C. A. Mattay, Dallas, for appellee.

DIXON, Chief Justice.

This case involves the enforcement of a deed restriction.

Appellant Lochwood Meadows, Inc. is the developer of property known as Lochwood Meadows Addition, First Installment, an addition to the City of Dallas, duly shown by map recorded in the Deed Records of Dallas County.

One of the deed restrictions is as follows: "In case of corner lots, no fence or wall shall be erected nearer the side street than the building line and no fence or wall on any lot shall exceed seven (7) feet in height."

Appellee Ernest W. Buck, Jr., owner of Lot 1, Block 8/7691 of the addition, built a wooden fence in violation of the above restriction. Next to the fence he planted a ligustrum hedge which followed the perimeter of the wooden fence on the inside.

Appellant brought suit to restrain appellee "from building, operating and/or maintaining any fence in violation of the aforementioned deed restrictions and to dismantle or disassemble the fence which has been built by Defendant in violation of the aforementioned deed restrictions * * *."

At the conclusion of a nonjury trial the trial court rendered judgment permanently enjoining appellee from maintaining any fence or wall in violation of the deed restriction. However, the court expressly refused to enjoin appellee from planting or allowing the hedge to grow or exist.

Appellee in obedience to the court's judgment has removed the wooden fence, but has continued to maintain the hedge.

Lochwood Meadows has appealed claiming that the hedge is a fence and the court should have required removal of the hedge as well as the wooden fence.

In support of this view appellant presents two points on appeal: that the court erred (1) in denying the injunction with reference to the hedge—the hedge according to

appellant is a fence or wall within the meaning of the deed restriction; and (2) in concluding that the deed restriction is uncertain—the restriction according to appellant clearly and succinctly prohibits the erection of a fence or wall nearer the side street than the building line on corner lots.

Appellant has cited Kimball v. Carter, 95 Va. 77, 27 S.E. 823, 825 (1897), which quotes dictionary definitions in which it is said in substance that a fence is designed as an enclosure about a field or other space intended to prevent intrusion from without or straying from within—"a line of obstacle, as a frame of wood, a wall, hedge * * *." Appellant also cites Porter v. Aldrich, 39 Vt. 326 and Burch v. State, 67 S.W. 500 (Tex.Cr.App. 1902). In the latter case it is said "Webster defines a fence to be 'to inclose with a hedge, a wall, or anything that prevents the escape or entering of cattle; to secure by an inclosure.'"

We see no merit in either of appellant's points on appeal. In the first place the hedge here in question is not itself a complete enclosure. Where the hedge fails to meet there is space large enough to permit the entry or escape of cattle, let alone smaller animals.

The Legislature of Texas in Art. 1353, Texas Penal Code, says: "A fence within the meaning hereof is any structure of wood, wire, or of both, or of any other material intended to prevent the passage of cattle, horses, mules, asses, sheep, goats or hogs * * *."

Art. 1372, P.C. says, "An 'insufficient fence,' means a fence * * * with openings, or crevices in some part thereof sufficiently large for the passage of the animal * * *."

In 25 Tex.Jur.2d 297 it is said, " * * * hedges * * * do not constitute a fence," citing Brown v. Johnson, 73 S.W. 49 (Tex. Civ.App., San Antonio 1903, writ dism'd w.o.j.), in which it was held that a bois d'arc hedge was not a fence.

If there is any uncertainty in the restriction it comes only if we try to include a "hedge" within the meaning of a "fence" as that word is used in the deed restriction. Then we are confronted with the rule of construction that uncertainties must be resolved against the author of a provision—in this case appellant. Also the rule that uncertainties in instruments concerning land which undertake to restrain or limit a grantee's free use of his property must be construed in favor of the grantee. Couch v. Southern Methodist University, 10 S.W.2d 973 (Tex.Com.App. 1928); Settegast v. Foley Bros., 114 Tex. 452, 270 S.W. 1014 (Tex.Com.App. 1925, opinion adopted); Ragland v. Overton, 44 S.W.2d 768, 771 (Tex.Civ.App., Amarillo 1932, no writ).

Appellant's points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.