Robert E. BARFIELD, Appellant,

v.

J. Darrell BROGDON, Appellee.

No. 8827.

Court of Civil Appeals of Texas, Amarillo.

Jan. 9, 1978.

Addendum Jan. 16, 1978.

Rehearing Denied Jan. 30, 1978.

Robert E. Barfield, R. C. Hamilton, Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, Tom Lockhart, Amarillo, for appellee.

ROBINSON, Chief Justice.

The trial court entered judgment for defendant on a jury verdict on his cross-claim for actual and exemplary damages for wrongful sequestration. Affirmed subject to a remittitur.

Plaintiff, Robert E. Barfield, an attorney, took his lawn mower to Profitt's Lawn Mower Service owned by defendant, J. Darrell Brogdon, for a tune-up. Barfield testified that the price of the tune-up was agreed to be $14.00. Brogdon testified that (1) the agreed price was $14.50 plus the cost of parts; (2) he wrote "14.50 plus parts" on the repair order in the presence of Mr. Barfield; and (3) a large poster inside the shop showed that the standard tune-up charge was $14.50 plus parts. Barfield returned to pick up his lawn mower after the tune-up had been completed. Barfield refused to pay the $24.32 charges ($14.50 plus $9.82 for parts), and Brogdon refused to relinquish possession of the lawn mower. The following day Barfield filed suit by a sworn petition, alleging that he was the owner and entitled to possession of the lawn mower, seeking return of the lawn mower and $500.00 attorney's fees. Barfield later amended his petition to allege that Brogdon withheld the lawn mower for the purpose of defrauding Barfield and extorting money from him and asked for an additional $3,000.00 as exemplary damages. No affidavit for sequestration meeting the statutory requirements for issuance of sequestration as set out in Rule 696, Tex.R. Civ.P. and Art. 6840, Tex.Rev.Civ.Stat. was filed.

Rule 696 provides:

Rule 696. Applicant's Affidavit

No sequestration shall issue in any cause until the party applying therefor shall file an affidavit in writing stating:

(a) That he is the owner of the property sued for, or some interest therein specifying such interest, and is entitled to the possession thereof; or,

(b) If the suit be to foreclose a mortgage or enforce a lien upon the property, the fact of the existence of such mortgage or lien, and that the same is just

and unsatisfied, and the amount of the same still unsatisfied, and the date when due.

(c) The property to be sequestered shall be described with such certainty that it may be identified and distinguished from property of a like kind, giving the value of each article of the property and the county in which the same is situated.

(d) It shall set forth one or more of the causes named in Art. 6840 of the Revised Civil Statutes of Texas, 1925, entitling him to the writ. The writ shall not be quashed because two or more grounds are stated conjunctively or disjunctively.

The relevant part of Art. 6840 at that time provided:

Judges and clerks of the district and county courts, and justices of the peace shall, at the commencement or during the progress of any civil suit, before final judgment, have power to issue writs of sequestration, returnable to their respective courts, in the following cases:

\* \* \* \* \* \*

2. When a person sues for the title or possession of any personal property of any description, and makes oath that he fears the defendant or person in possession thereof will injure, ill-treat, waste or destroy such property, or remove the same out of the limits of the county during the pendency of the suit.

Despite Barfield's failure to comply with the statute, a writ of sequestration was issued and served. Barfield obtained possession of the lawn mower by filing a replevy bond. He has since worn out and discarded the mower. Brogdon answered and cross-claimed for actual and exemplary damages alleging that Barfield acted "willfully, intentionally, unlawfully and maliciously" in causing the writ of sequestration to be issued when he knew or should have known that he was not entitled to it.

Trial was held and the jury answered the corresponding numbered special issues as follows:

(1) Brogdon did not agree to repair the lawn mower for $14;

(2) The reasonable value of parts and labor to repair the lawn mower was $24.32;

(3) $74.32 would compensate Brogdon for his damages as a result of the wrongful issuance and execution of the writ of sequestration;

(4) Barfield knew or should have known that he had no right to possession of the lawn mower;

(5) Barfield knew or should have known that he violated the statutory sequestration procedures in causing the writ to be issued and executed;

(6) Barfield knew or should have known of the unconstitutionality of the sequestration statute;

An exemplary damage issue was submitted conditioned on an affirmative answer to Issue 4, 5, or 6. The jury found:

(7) Brogdon is entitled to $3,000 as exemplary damages for the wrongful sequestration of the lawn mower.

The trial court entered judgment for Brogdon for $3,074.32 based on the verdict of the jury. Barfield appeals.

On appeal Barfield contends that jury findings on which the exemplary damage issue was conditioned, i. e. that he knew or should have known that he did not have a right to sequester the property, are insufficient to support a judgment for exemplary damages.

■ It is well settled that to justify the recovery of exemplary damages, the issuance of a writ of sequestration must not only be wrongful, but procured without probable cause and maliciously. *O'Hara v. Ferguson Mack Truck Co.*, 373 S.W.2d 507 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.); *Mathes v. Williams*, 134 S.W.2d 853 (Tex.Civ.App.—Amarillo 1939, no writ). In the case of *Hamlett v. Coates*, 182 S.W. 1144, 1148 (Tex.Civ.App.—Dallas 1915, writ ref'd) the court discussed the requirement for malice as follows:

Malice is where the facts and circumstances show not only that the grounds upon which the writ of sequestration issued were untrue and that there was no probable cause for believing them to be true, but evidences bad motives or such reckless disregard of the rights of the party against whom it is sued out as satisfies the mind that the unlawful act was willfully and purposely done to the injury of such party.

■ It is the duty of plaintiff to request the submission of an issue on malice to the jury or else suffer a waiver of that ground of recovery. *Scurlock Oil Company v. Joffrion*, 390 S.W.2d 526 (Tex.Civ.App.—Tyler 1965, no writ); Rule 279, Tex.R.Civ.P.

■ A jury issue may be a proper predicate for exemplary damages even though it does not use the words "malice" or "malicious" if it is submitted in terms of the elements constituting legal malice. *See Lubbock Bail Bond v. Joshua*, 416 S.W.2d 623 (Tex.Civ.App.—Amarillo 1967, no writ).

Brogdon contends that Special Issues Nos. 4, 5, and 6 correctly submitted the required malice issue. In support of his contention, he cites *First Security Bank & Trust Co. v. Roach*, 493 S.W.2d 612 (Tex. Civ.App.—Dallas 1973, writ ref'd n. r. e.) and *Commercial Credit Equipment Corp. v. Elliott*, 414 S.W.2d 35 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.).

There is language in each of the cases, which taken by itself, supports Brogdon's position.

In *Elliott* the court said:

One who sequesters property when he knows or should know that he has no right to title or possession of the property taken shows such a disregard for the rights of others as will authorize exemplary damages.

414 S.W.2d at 44. And in *Roach* the court citing *Elliott*, said:

. It is settled law in this state that when one sequesters property when he knows or should have known that he has no right to title or possession of the property so taken, that such action will authorize the recovery of exemplary damages.

493 S.W.2d at 618. However in both *Elliott* and *Roach* the trial court had submitted an issue inquiring if the defendant acted with

malice. In *Roach* malice was defined as "ill will, bad or evil motive, or such gross indifference to the rights of a party as will amount to a willful or wanton act done intentionally and without just cause or excuse on the part of the party accused of such acts."

The jury in each case found actual malice. The question on appeal was whether the evidence was sufficient to support the jury finding of malice. In each case the court held only that facts and circumstances showing that the defendant knew or should have known that he had no right to title or possession of the property in question warranted an inference by the jury that the defendant acted with actual malice. The language relied on in no way relates to the proper submission of issues. We do not construe the cases as holding that an issue couched in terms of "known or should have known" properly submits the question of malice.

■ We conclude that Issues 4, 5, and 6 were each defective or improper submissions of a controlling issue necessary for an award of exemplary damages.

However Barfield did not object to the charge for its failure to submit an issue expressly inquiring if he acted with malice. He did not object at all to Special Issue No. 4 inquiring if he knew or should have known that he had no right to possession of the lawn mower and he did not object at all to the issue inquiring as to the amount of exemplary damage which should be awarded for wrongful sequestration. He did not object to Special Issue No. 5 or Special Issue No. 6 on the ground that they would not support exemplary damages.

Therefore, we consider Brogdon's reply point that Barfield waived his right to complain of the issues submitted by his failure to make pertinent objections to the charge as required by Rules 272 and 274.

Rule 274 provides that:

A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections.

In *Allen v. American National Insurance Company*, 380 S.W.2d 604 (Tex.1964) the insurance company defended against the claim on a life policy on the ground of misrepresentation of the insured's health. The trial court submitted an issue inquiring if the insured "knew or should have known" that his answer on the application was false. The Supreme Court held that the issue was improper because it did not correctly present the substantive law governing the defense of fraudulent misrepresentations. However, the Court came to the conclusion that the defect in the jury submission could not be urged by the plaintiff because he did not object to the submission of the issue. The Supreme Court stated:

We have, however, come to the conclusion that the defect in the jury submission occasioned by the use of the words "or should have known" may not be urged by plaintiff as grounds for refusing to render judgment for the insurance company.

While Special Issue No. 25 was defective in that it did not correctly inform the jury of the substantive law relating to the controversy, no objection was lodged against such issue. Apparently, in the trial court, plaintiff, as well as defendant, accepted the issues as constituting a correct submission and no objection was made to use of the words "or should have known" until after the Court of Civil Appeals had ordered a remand.

380 S.W.2d at 608. The Supreme Court cited with approval language in *Panhandle & Santa Fe Ry. Co. v. Friend*, 91 S.W.2d 922 (Tex.Civ.App.—Austin 1936, no writ) as follows:

Where, however, the ground (of recovery or defense) is submitted, however, erroneously or incompletely, the parties are thereby put upon notice that the jury's answers to the issues actually submitted will form the basis of the court's judgment thereafter to be rendered

thereon. *It then becomes the duty of each party to point out errors of omission or commission, or be held estopped from thereafter urging them.*

See also *Texas Employers' Insurance Ass'n v. Neuman,* 379 S.W.2d 295 (Tex.1964) involving the defective submission of defendant's issue seeking to limit recovery to a specific injury in plaintiff's cause of action for a general injury, and *Jackson v. Clark,* 351 S.W.2d 292 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.) wherein there was a defective submission of an unavoidable accident issue.

■ In the case before us Brogdon alleged that Barfield's acts were done "willfully, intentionally, unlawfully, and maliciously, and therefore Cross-Plaintiff is entitled to exemplary damages in the amount of Three Thousand and No/100 Dollars ($3,000.00)." It is apparent that both plaintiff and defendant submitted the case on the theory that the issues in question submitted Brogdon's ground of recovery for exemplary damages. We conclude that Barfield's points of error contending that jury findings in Special Issues Nos. 4, 5, and 6 are insufficient to support a judgment for exemplary damages are not properly before us.

■ Plaintiff next contends that as a matter of law Brogdon sustained no actual damages because plaintiff had posted adequate sequestration and replevy bonds. We overrule the contention. The filing of a sequestration bond does not preclude actual damages. On the contrary it guarantees the payment of damages and costs in case it is decided that the sequestration was wrongfully issued. Rule 698. *See Kelso v. Hanson,* 388 S.W.2d 396, 399 (Tex.1965). The undisputed evidence establishes that Brogdon suffered actual damage in that he lost possession of the lawn mower which he was entitled to hold as security for the repair bill. There is no point of error that the jury finding of actual damages is excessive. There was no objection to the charge challenging the elements of damage which the jury was instructed that it could consider in connection with Special Issue No. 3.

■ Barfield also contends that the trial court erred in instructing the jury that, at the time of the sequestration, the sequestration statutes of the State of Texas had been held unconstitutional. This point is not before us because he did not object to the issue submitted on that ground.

■ We do not find that error, if there was error in the fact that Special Issue No. 3 assumed a wrongful issuance of the writ, was calculated to cause or did cause the rendition of an improper judgment in the light of other issues and instructions submitted without proper objection, the record as a whole, and the jury's answers to Special Issues Nos. 1 and 2. There was no objection to the charge specifically addressed to the instruction given with Special Issue No. 3.

■ After considering the evidence in the light most favorable to the verdict and judgment and in the light of the authorities already cited we overruled plaintiff's contention that there was no evidence that plaintiff acted with malice, ill will, or reckless disregard for the rights of others in causing the writ of sequestration to be issued.

■ As above stated, certain of appellant plaintiff's points of error are not properly before us. We have considered and overrule each point of error before us except for the point of error presenting his contention that the jury finding of $3,000.00 exemplary damages is excessive. After consideration of the record as a whole, we are of the opinion that the verdict and judgment is excessive in the amount of $2,000.00.

If appellee files a remittitur of $2,000.00 within 15 days, the judgment will be reformed and affirmed. Otherwise, the judgment will be reversed and the cause remanded to the trial court for a new trial. Rule 440, Tex.R.Civ.P.

REYNOLDS, Justice, concurring and dissenting.

Otherwise agreeing with the majority's disposition of this appeal, I respectfully dis-

sent to the award of exemplary damages. It is my view that, under the circumstances of this cause, J. Darrell Brogdon waived his ground of recovery for exemplary damages.

An unlawful or wrongful act is not of itself ground for an award of exemplary damages; to warrant exemplary damages the unlawful or wrongful act must partake of a wanton and malicious nature.[1] *Dennis v. Dial Finance & Thrift Company,* 401 S.W.2d 803, 805 (Tex.1966); *Ware v. Paxton,* 359 S.W.2d 897, 899 (Tex.1962). Accordingly, while the wrongful suing out and levy of a writ of sequestration subjects the wrongdoer to actual damages, exemplary damages can be awarded only if the action is malicious. *Harris & Fox v. Finberg,* 46 Tex. 79, 96 (1876).

Conformably, a finding that the act was either malicious or willfully done is essential to a recovery of exemplary damages. *Holland v. Lesesne,* 350 S.W.2d 859, 865 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.). To this extent, the ground of recovery is an independent one which, unless conclusively established, is waived where, as here, the issue on malice is omitted without objection from the jury submission, *Scurlock Oil Company v. Joffrion,* 390 S.W.2d 526, 532 (Tex.Civ.App.—Tyler 1965, no writ), even though, as here, the jury fixes an amount for exemplary damages.[2] *Holland v. Lesesne, supra,* at 865.

The jury's verdict is a mere finding that Robert E. Barfield wrongfully caused the writ of sequestration to be issued and executed, not that Barfield maliciously or willfully did so. Respectable authority holds it to be elementary that the finding that the

issuance and execution was wrongful is not a finding that it was done with malicious intent or willfully done to injure. *Mathes v. Williams,* 134 S.W.2d 853, 858 (Tex.Civ. App.—Amarillo 1939, no writ). This presents a situation far different, I submit, than the situation illustrated by *Allen v. American National Insurance Company,* 380 S.W.2d 604 (Tex.1964), where there was a defective submission of the controlling issue without objection. My appraisal of the record before us is that no issue on the malicious or willful nature of the act was requested or submitted, even incompletely or defectively, and as a result, Brogdon waived his independent ground of recovery. Rule 279, Texas Rules of Civil Procedure.

Thus, I cannot agree that Barfield waived his right to complain of the award of exemplary damages by failing to object to the charge for the omission of the malice issue. To recover exemplary damages, it was Brogdon's burden, not Barfield's, to request, on penalty of waiver, the submission of the proper issue(s). *Scurlock Oil Company v. Joffrion, supra,* at 532; *Holland v. Lesesne, supra,* at 865; both citing Rule 279, T.R.C.P. Barfield had no duty to present any issue essential to Brogdon's recovery and, therefore, no waiver can be imputed to Barfield for Brogdon's failure to request the proper submission, *Wichita Falls & Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79, 85 (1940), or for Barfield's failure to object to the omission. *Long v. City of Austin,* 265 S.W.2d 632, 637 (Tex.Civ.App.—Austin 1954, no writ).

I, therefore, would hold that Brogdon waived any recovery for exemplary dam-

---

1. Definitions of malice are necessarily general and do not provide precise limits for the decision of cases. *Ware v. Paxton,* 359 S.W.2d 897, 899 (Tex.1962).

2. The peculiarly worded damage issue submitted in this cause is not "necessarily referable" to the independent ground of recovery to the extent that it is a submission of one of the elements so that, under authority of Rule 279, Texas Rules of Civil Procedure, a court finding on the omitted issue of malice is deemed to have been made in support of the judgment rendered. Even generally, the purpose of a damage issue is not to establish liability, but to

fix the amount of monetary compensation to which the aggrieved party shows himself entitled; therefore, whether there is any legal liability on the part of the wrongdoer must be determined, unless conclusively established, through the submission of the proper, separate issue(s). But here, the damage issue inquires of the amount of exemplary damages *for the wrongful sequestration of the lawn mower.* As stated in the text, exemplary damages cannot be awarded for a wrongful act. Consequently, the damage issue, as worded, simply goes to the remedy for, and is separate and apart from, the independent ground of recovery for malice.

ages and order that the trial court's judgment be reformed to eliminate the recovery of exemplary damages.

### ADDENDUM TO OPINION

ROBINSON, Chief Justice.

Appellees timely made the suggested remittitur by filing on January 13, 1978, a release of $2,000.00 of the judgment entered by the trial court. We order that the costs of this appeal be taxed against appellant. Rules 435 and 448, Texas Rules of Civil Procedure.

The judgment is accordingly modified and as modified is affirmed.